# Supreme Court of Louisiana

The Opinions handed down on the **14th day of October, 2015**, are as follows:

**BY CLARK, J.**:

2014-KP-2091      STATE OF LOUISIANA v. RONALD MARSHALL (Parish of Orleans)
                  (Armed Robbery)

                  Accordingly, the court of appeal's decision that granted
                  respondent's writ, in part, ordering the trial court to conduct
                  an evidentiary hearing to consider respondent's ineffective
                  assistance of counsel claims, and to issue a subpoena duces tecum
                  to obtain Ms. Hudson's time sheets, is vacated and the trial
                  court's judgment denying respondent's claims for post-conviction
                  relief is reinstated.
                  VACATED AND TRIAL COURT JUDGMENT REINSTATED.

SUPREME COURT OF LOUISIANA

NO. 2014-KP-2091

STATE OF LOUISIANA

VERSUS

RONALD MARSHALL

ON WRIT OF CERTIORARI TO THE COURT OF APPEAL,
FOURTH CIRCUIT, PARISH OF ORLEANS

**CLARK, J.**

We granted the State of Louisiana's writ application to review the court of appeal's decision that granted respondent Ronald Marshall's writ, in part. The decision orders the district court to conduct an evidentiary hearing to consider the ineffective assistance of counsel claims raised by respondent in an application for post conviction relief, and to issue a subpoena duces tecum to obtain the victim's employment time sheets. For the reasons that follow, the court of appeal's decision is vacated and the trial court's judgment denying respondent's post conviction claims is reinstated.

In 1998, an Orleans Parish jury found respondent guilty of armed robbery. Following a habitual offender hearing, the trial court adjudicated respondent a second felony offender and sentenced him to 49½ years imprisonment at hard labor without the benefit of parole, probation, or suspension of sentence. The court of appeal affirmed respondent's conviction and sentence in *State v. Marshall*, 99-2176 (La. App. 4 Cir. 8/30/00), 774 So. 2d 244.[1] This Court denied writs. *State v. Marshall*, 00-3038 (La. 10/26/01), 799 So. 2d 1149.

---

[1] On direct appeal, respondent raised four assignments of error. In assignment of error no.1 and pro se assignment of error no. 2, he argued trial counsel was ineffective by allowing hearsay testimony at trial. *Marshall*, 99-2176, p. 4, 774 So. 2d at 248. In pro se assignment of error no. 3, respondent argued the trial court erred in denying his motion to dismiss his trial counsel without first conducting an evidentiary hearing. *Id.* at 7, 774 So. 2d 249. Respondent filed the motion to dismiss, alleging trial counsel "'neglected him [sic] knowledge of when to file motions,' and therefore was ineffective." *Id.* at 9, 774 So. 2d 250

At respondent's trial, the state presented two witnesses. The first was New Orleans Police Detective Calvin Brazley, who testified that he had received an anonymous tip that a man named Ronald Marshall perpetrated a burglary in November 1997, and having found no corresponding police report, he began an independent investigation. *Marshall*, 99-2176, p. 2, 774 So.2d at 247. Detective Brazley was initially unable to locate the victim but soon came across information related to a December 11, 1997 shooting he had recently investigated in which the victim was named Ronald Marshall. *Id.* Thereafter, Detective Brazley succeeded in locating the reported robbery victim, Ms. Terry Hudson, who positively identified respondent from a photo line-up. *Id.* The state's other witness, Ms. Hudson, testified that on November 10, 1997, at approximately 8:30 p.m., she had just come home from the store with her two children when three men pushed their way into her residence. *Id.* pp. 2-3, 774 So.2d at 247-48. According to Ms. Hudson, the men ransacked her home while she and her children were forced to lie on the floor, before making off with some costume jewelry and $60. *Id.* Respondent's defense at trial was that he was innocent; that the robbery in fact never occurred; and that Detective Brazley pursued him as a suspect and manipulated Ms. Hudson to falsely identify him, motivated by a personal vendetta stemming from respondent's prior resistance to Detective Brazley's efforts to engage him as a confidential informant.[2]

In 2002, respondent filed his first application for post conviction relief, claiming that counsel rendered ineffective assistance. Pertinent to the present discussion, respondent complained in his 2002 application that counsel erred by failing to explain the consequences of rejecting a plea offer from the state. In support of his claim, respondent submitted an affidavit signed by his mother,

---

[2] See Writ application 14-KP-2091, Appendix, Exh.B, p. 3 (Respondent's writ application to the Fourth Circuit Court of Appeal in *State v. Ronald Marshall*, 2014-K-0763 (La. App. 4 Cir. 9/11/14)).

stating his trial counsel told her that he "may" have failed to inform him (respondent) of the consequences of rejecting the offer. The district court denied relief, and the court of appeal and this Court denied writs.[3]

In 2010, respondent filed a second application for post conviction relief, asserting two claims of ineffective assistance of counsel. In the first, he claims his trial counsel failed to discover, prior to trial, evidence that Ms. Hudson was, in fact, working at Kraft Foods in New Orleans, on November 10, 1997, at 8:30 p.m., when the alleged robbery occurred. Respondent acknowledges that he does not actually possess proof that Ms. Hudson was working at the time of the robbery but asserts his belief that such proof exists in light of information discovered by Mr. Dearvis Alexander, a private investigator hired by his post conviction counsel to investigate the matter. According to respondent, Mr. Alexander, after contacting Kraft Foods in New Orleans, and its parent company, Kraft Foods of Chicago, had reason to believe that Ms. Hudson was working at Kraft Foods in New Orleans, Monday through Friday, November 10 through 14, 1997, from 1:00 p.m. to 9:00 p.m., each day. When Mr. Alexander requested copies of Ms. Hudson's time sheets and employment records, a Kraft Foods supervisor informed him that the company prohibited the disclosure of employee records to a third party without a court order. Thus, in conjunction with his post conviction application, respondent submitted a motion for a subpoena *duces tecum*, to direct Kraft Foods to produce the pertinent time sheets.

In his second claim, respondent asserts his trial counsel failed to convey to him a plea offer by the state. He asserts he first learned of the plea offer from documents obtained in response to his 2009 public records request for the district

---

[3] *State v. Marshall*, 02-1769 (La. App. 4 Cir. 11/8/02) and *State ex rel. Marshall v. State*, 02-3150 (La. 12/12/03), 860 So.2d 1146, respectively.

attorney's file. Specifically, the district attorney's file contained a letter[4] dated June 9, 1998, by Assistant District Attorney Carol Kovacs to Ms. Hudson that states, in part:

> Dear Ms. Hudson:
>
> Several attempts have been made to contact you at your home phone in an effort to inform you that the case in which you were a victim has been set for trial on July 2, 1998. It is important that you appear in Criminal District Court, 2700 Tulane Ave., Section "F" at 8:00 a.m., for your testimony.
>
> *While a trial has been set, I have discussed a ten year plea bargain with the defendant's counsel, whereby the defendant, if he agrees, will be permitted to plead guilty, and a trial will not be held.*
>
> It is important that I speak to you as soon as possible regarding your testimony. You can contact me at . . . (emphasis added).

On March 5, 2013, respondent filed a supplemental application for post conviction relief asserting the prior ineffective assistance of counsel claims as well a claim that counsel was ineffective during the habitual offender proceedings by failing to challenge the habitual offender adjudication on the ground that the predicate offense was not a final conviction.[5]

The state objected to the application and supplemental application for post conviction relief, arguing respondent's claims were repetitive under La. C.Cr.P. art. 930.4[6] and untimely under La. C.Cr.P. art. 930.8.[7] It further argued respondent

---

[4] The letter is typed written on stationery with a letterhead bearing the official state seal and name and title of the district attorney of New Orleans.

[5] Respondent later filed a motion to reopen the habitual offender proceedings, claiming that his predicate conviction was invalid under the habitual offender law because it carried an illegally lenient sentence.

[6] At the time Marshall filed his post conviction application in 2010, and the trial court rendered judgment in June 2014, La. C.Cr.P. art. 930.4 provided:

> A. Unless required in the interest of justice, any claim for relief which was fully litigated in an appeal from the proceedings leading to the judgment of conviction and sentence shall not be considered.
>
> B. If the application alleges a claim of which the petitioner had knowledge and inexcusably failed to raise in the proceedings leading to

4

failed to prove his claims were predicated upon facts not known at the time of trial, as required by the exception to the limitations period set forth in La. C.Cr.P. art. 930.8(A)(1).

---

conviction, the court may deny relief.

> C. If the application alleges a claim which the petitioner raised in the trial court and inexcusably failed to pursue on appeal, the court may deny relief.

> D. A successive application may be dismissed if it fails to raise a new or different claim.

> E. A successive application may be dismissed if it raises a new or different claim that was inexcusably omitted from a prior application.

[7] At the time Marshall filed his post conviction application in 2010 and the trial court rendered judgment in June 2014, La. C.Cr.P. art. 930.8 provided:

> A. No application for post-conviction relief, including applications which seek an out-of-time appeal, shall be considered if it is filed more than two years after the judgment of conviction and sentence has become final under the provisions of Article 914 or 922, unless the following apply:

> (1) The application alleges, and the petitioner proves or the state admits, that the facts upon which the claim is predicated were not known to the petitioner or his attorney.

> (2) The claim asserted in the petition is based upon a final ruling of an appellate court establishing a theretofore unknown interpretation of constitutional law and petitioner establishes that this interpretation is retroactively applicable to his case, and the petition is filed within one year of the finality of such ruling.

> (3) The application would already be barred by the provisions of this Article, but the application is filed on or before October 1, 2001, and the date on which the application was filed is within three years after the judgment of conviction and sentence become final.

> (4) The person asserting the claim has been sentenced to death.

> B. An application for post conviction relief which is timely filed, or which is allowed under an exception to the time limitation as set forth in Paragraph A of this Article, shall be dismissed upon a showing by the state of prejudice to its ability to respond, negate, or rebut the allegations of the petition caused by events not under the control of the state which have transpired since the date of original conviction, if the court finds, after a hearing limited to that issue, that the state's ability to respond to, negate, or rebut such allegations has been materially prejudiced thereby.

> C. At the time of sentencing, the trial court shall inform the defendant of the prescriptive period for post-conviction relief either verbally or in writing. If a written waiver of rights form is used during the acceptance of a guilty plea, the notice required by this Paragraph may be included in the written waiver of rights.

The legislature in Acts 2013, No.251, §1, eff. Aug. 1, 2014, amended article 930.8 to make the procedural bars against successive filings mandatory.

5

On June 18, 2014, the district court denied respondent's application and supplemental application for post conviction relief, finding he failed to assert a valid claim under La. C.Cr.P. art. 930.3.[8] The court found respondent failed to prove he was unaware of a plea offer prior to trial or that the victim was working at the time of the robbery.[9]

The court of appeal granted respondent's writ, in part, and denied, in part,[10] concluding the trial court erred by summarily dismissing respondent's claims that his trial counsel rendered ineffective assistance by failing to discover Ms. Hudson's time sheets and to convey the plea offer. *State v. Marshall*, 14-0763 (La. App. 4 Cir. 9/11/14). The court remanded those claims for consideration at an evidentiary hearing, concluding they were substantively different from

---

[8] Louisiana C.Cr.P. art. 930.3 provides:

> If the petitioner is in custody after sentence for conviction for an offense, relief shall be granted only on the following grounds:
>
> (1) The conviction was obtained in violation of the constitution of the United States or the state of Louisiana;
>
> (2) The court exceeded its jurisdiction;
>
> (3) The conviction or sentence subjected him to double jeopardy;
>
> (4) The time limitations on the institution of prosecution had expired;
>
> (5) The statute creating the offense for which he was convicted and sentenced is unconstitutional; or
>
> (6) The conviction or sentence constitute the ex post facto application of law in violation of the constitution of the United States or the state of Louisiana;
>
> (7) The results of DNA testing performed pursuant to an application granted under Article 926.1 proves by clear and convincing evidence that the petitioner is factually innocent of the crime for which he was convicted.

[9] The trial court also found respondent's motion to reopen the habitual offender proceedings barred under R.S. 15:529.1(D)(1)(b), which provides that challenges to predicate convictions must be raised before a habitual offender sentence is imposed and "may not thereafter be raised to attack the [habitual offender] sentence."

[10] As to respondent's complaints that the trial court erroneously denied his actual innocence claim and motion to reopen habitual offender proceedings, the court of appeal denied writs, citing *State v. Conway*, 01-2808 (La. 4/12/02), 816 So.2d 290; *State ex rel. Melinie v. State*, 93-1380 (La. 1/12/96), 665 So.2d 1172; and *State v. Cotton*, 09-2397 (La. 10/15/10), 45 So.3d 1030. Respondent filed a writ application seeking review of the court of appeal's ruling, which this Court denied. *State v. Marshall*, 14-2096 (La. 4/25/15), ____ So. 3d ____.

respondent's earlier ineffective assistance of counsel claims and, therefore, neither repetitive nor successive. The court of appeal also ordered the trial court to grant respondent's motion to issue the subpoena duces tecum to obtain Ms. Hudson's time sheets. The state filed a writ application seeking review of the court of appeal's ruling, which we granted. *State v. Marshall*, 14-2091 (La. 4/24/15), 168 So. 3d 406.

In its writ application, the state contends the trial court correctly dismissed respondent's ineffective assistance of counsel claims without a hearing because they are untimely and repetitive. According to the state, because respondent has failed to prove that trial counsel did not convey to him the ten-year plea offer, or that the victim was at work when the robbery occurred, he failed to satisfy the exception to the prescriptive period for facts not known set out in La.C.Cr.P. art. 930.8(A)(1). The state also points to respondent's direct appeal and first application for post conviction relief, in which he raised ineffective assistance of counsel claims on other grounds, urging the instant claims are impermissibly repetitive or suggestive. The state contends respondent could have obtained the district attorney's file once his conviction and sentence became final in 2001, see *Lemmon v. Connick*, 590 So. 2d 574, 575 (La. 1991) (holding district attorney files are subject to public records requests once a conviction and sentence are final), and, therefore, he should have raised the uncommunicated plea offer claim in a prior pleading. Finally, the state contends the trial court correctly refused to grant respondent's subpoena duces tecum for Ms. Hudson's employment time sheets because his underlying ineffective assistance of counsel claims are procedurally barred.

"The petitioner in an application for post conviction relief shall have the burden of proving that relief should be granted." La. C.Cr.P. art. 930.2. The record indicates respondent's conviction and sentence became final in 2001, nearly

7

a decade before he initiated the post conviction proceedings at issue. Thus, his claims are untimely, see La. C.Cr.P. art. 930.8 and *State ex rel. Glover v. State*, 93-2330 (La. 9/5/95), 660 So.2d 1189, unless they fall within an exception to the prescriptive period set out in La. C.Cr.P.art. 930.8(A).

In his 2010 application for post conviction relief, respondent alleges his claims satisfy the exception in La. C.Cr.P. art. 930.8(A)(1) because they are predicated on facts not previously known. Article 930.8(A)(1) requires the petitioner (respondent) to prove, or the state to admit, that the facts upon which the claim is predicated were not known to the petitioner or his attorney. Regarding the alleged uncommunicated plea offer, respondent submitted an affidavit in conjunction with his 2010 post conviction application averring that he never knew of the plea offer until he received the district attorney's file in January 2010 in response to his public records request; that his trial counsel never communicated the state's ten-year plea offer to him for consideration; and that had he known of the plea offer, he would have accepted it rather than risk receiving a significantly harsher sentence of 49½ years after conviction at trial. Although respondent submitted the letter from the district attorney's file, indicating Assistant District Attorney Carol Kovacs had tendered a plea offer to his trial counsel, he submitted no proof, such as an affidavit from trial counsel, that the plea offer was not communicated to him. Absent an affidavit from trial counsel to substantiate respondent's allegation, the claim lacks sufficient credibility to warrant an evidentiary hearing to ascertain the truth of the claim. Cf. *Underwood v. Clark*, 939 F. 2d 473, 476 (7th Cir. 1991) ("[I]n a subsequent collateral attack on the conviction the defendant must produce something more than a bare, unsubstantiated, thoroughly self-serving, and none too plausible statement that his lawyer (in violation of professional standards) forbade him to take the stand.").

Furthermore, the veracity of respondent's claim that trial counsel never

informed him of a plea offer is undermined by other evidence in the record. Specifically, the record includes a copy of a letter received by the Office of Disciplinary Counsel on June 22, 1998, that is dated June 14, 1998, handwritten, signed by the respondent, and includes his return address at Orleans Parish Prison.[11]  The letter states, in pertinent part:

> I'M WRITING IN REGARDS TO COMPLAINT AGAINST MY STATE APPOINTED COUNSEL OF THE (O.I.P.D.), IN REFERENCE TO MY CASE PENDING IN SECTION "F" OF THE CRIMINAL DISTRICT COURT OF N.O. LA, 70119.  FIRST & FOREMOST I'M VERY AWARE OF MY RIGHT TO COUNSEL IS THE RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL.
>
> NEVERTHELESS, MY STATE COUNSEL, TOWNSEND MYERS IS NOT EXERCISING NOR IS HE APPLYING HIS PROFESSIONAL SKILLS TOWARD THE CASE PENDING AGAINST ME, THEREFORE, COUNSEL HAS SHOWN NEGLIGENCE AND HAS NEVER DISCUSS A TACTIC FOR AS A DEFENSE FOR MY CASE. MORESO EVERY COURT APPEARANCE, HE'S DEPRIVING ME OF MY FREEDOM, OFFERING A PLEA BARGAIN.  SO NOW I ASK, FOR YOUR ASSISTANCE IN THIS MATTER.

The dates indicate respondent wrote and sent the aforementioned letter just weeks prior to his trial, evidencing he knew of a plea offer.

As to respondent's claim that trial counsel failed to discover prior to trial Ms. Hudson's employment time sheets that placed her at work at the time of the robbery, he offered absolutely no proof that the time sheets do, in fact, exist. Respondent concedes that he does not possess actual proof that Ms. Hudson was working at the time of the robbery but asserts his belief that such proof exists in light of information discovered by Mr. Alexander, the private investigator. Without an affidavit from either Mr. Alexander or Ms. Hudson's then employer, Kraft Foods, averring that such time sheets do exist and can be disclosed only upon

---

[11]The record also contains a copy of the letter the Office of Disciplinary Counsel sent to respondent on June 23, 1998, in response to his complaint.

9

a court order, respondent's allegation is merely a bare, self-serving, unsubstantiated statement insufficient to satisfy his burden under La. C.Cr.P. arts. 930.2. and 930.8. Because respondent offered no proof to support his claim that the victim's time sheets do exist, the court of appeal erred in ordering the trial court to issue the subpoena duces tecum to obtain them.

In summary, we find respondent has failed to show that his late-filed post conviction claims satisfy an exception as provided in La. C.Cr.P. art. 930.8(A) and, therefore, these claims are procedurally barred. We find the trial court correctly denied respondent's post conviction claims.

Similar to federal habeas relief, see 28 U.S.C. § 2244, Louisiana post-conviction procedure envisions the filing of a second or successive application only under the narrow circumstances provided in La.C.Cr.P. art. 930.4 and within the limitations period as set out in La.C.Cr.P. art. 930.8. Notably, the Legislature in 2013 La. Acts 251 amended La.C.Cr.P. art. 930.4 to make the procedural bars against successive filings mandatory. Respondent's claims have now been fully litigated in state collateral proceedings in accord with La.C.Cr.P. art. 930.6, and this denial is final. Hereafter, unless respondent can show that one of the narrow exceptions authorizing the filing of a successive application applies, respondent has exhausted his right to state collateral review.

## DECREE

Accordingly, the court of appeal's decision that granted respondent's writ, in part, ordering the trial court to conduct an evidentiary hearing to consider respondent's ineffective assistance of counsel claims, and to issue a subpoena duces tecum to obtain Ms. Hudson's time sheets, is vacated and the trial court's judgment denying respondent's claims for post conviction relief is reinstated.

## VACATED AND TRIAL COURT JUDGMENT REINSTATED