702 So.2d 1207 (1997)
STATE of Louisiana
v.
Edward ROBERTSON.
No. 97-KA-1040.
Court of Appeal of Louisiana, Fourth Circuit.
November 19, 1997.
Harry F. Connick, District Attorney, Susan Erlanger Talbot, Assistant District Attorney, Orleans Indigent Defender Program, New Orleans, for Appellee State of Louisiana.
Laurie A. White, Cynthia Morris, Law Clerk Louisiana Appellate Project, New Orleans, for Appellant Edward Robertson.
Before KLEES, WALTZER and MURRAY, JJ.
WALTZER, Judge.
Edward J. Robertson was charged by bill of information on April 30, 1996, with possession of a firearm by a convicted felon, a violation of La. R.S. 14:95.1. At his arraignment on 3 May 1996, he pleaded not guilty. The trial court found probable cause and denied the motion to suppress the evidence on 17 June 1996. After a bench trial on 9 January 1997, the defendant was found guilty *1208 of attempted possession of a firearm by a convicted felon. After waiving all legal delays, the defendant was sentenced on that same day to serve seven and one-half years without benefit of parole, probation or suspension of sentence; a fine of $1,000 was imposed and then suspended. The sentence is to run consecutively with another sentence the defendant is serving. The defense filed a motion to reconsider the sentence which was denied.
At trial the following facts were adduced. Officer Mark Delpit testified that on 2 April 1996 about 11 p.m., he was patrolling in the 2500 block of Alabo Street when he noticed several men loitering in front of a bar. One of the men, later identified as the defendant, noted the marked police car, spun around and began walking to the back of the bar. He immediately tried to retrieve something from beneath his jacket. Suddenly, the officer heard a gunshot and realized that the man moving away from the group had taken out a gun and dropped it. The officer saw the flame from the muzzle when the gun fired. Officer Delpit's partners, Officers Hunt and Edwards, chased the man while Delpit retrieved the gun, a semi-assault weapon with two banana clips taped together. The purpose of the tape was to facilitate reloading the gun; the clips contained fifty-seven rounds of ammunition.
Officer Kevin Hunt testified to the same facts concerning the arrest of the defendant. Officer Hunt said he scaled several fences chasing the defendant before apprehending him; however, the defendant was apprehended within the block where the officers first saw him. Through the police computer, the officers learned that the defendant had previous felony charges.
The parties stipulated that the defendant had a prior conviction for possession of cocaine.
The defense argues on appeal that the sentence is excessive in that it is the maximum penalty allowed by a law. The sentencing range for LSA-R.S. 14:95.1 is ten to fifteen years without benefit of parole, probation, or suspension of sentence; because the defendant was convicted of attempted possession of a firearm by a convicted felon, his sentence can be up to one-half of the longest sentence prescribed for the offense attempted. LSA-R.S. 14:27(D)(3). The defense asserts that the defendant is not the worst kind of offender and notes that he was not pointing the gun at anyone when it discharged. Furthermore, the defense maintains the trial court made no reference to the mitigating or aggravating factors of the sentencing guidelines when the defendant received his sentence.
La. Const. Art. I, § 20 (1974) prohibits excessive punishment. Punishment is unconstitutionally excessive if it makes no measurable contribution to acceptable goals of punishment and is nothing more than the purposeless and needless imposition of pain and suffering or is grossly out of proportion to the severity of the crime. State v. Telsee, 425 So.2d 1251 (La.1983).
At sentencing, immediately after the bench trial, the assistant district attorney recited the defendant's criminal history to the trial court:
1979 he was convicted of simple burglary; 1981, another conviction for simple burglary; 1982, plead guilty to a 95.1same charge here1982, pled guilty to an aggravated battery; 1989, he had another 95.1, which was nol-prossed; 1989, again possession of cocaine and possession of an unregistered firearm, which was the predicate for this offense; 1993, pled guilty to another 95.1; 1993, another 95.1
The trial court responded:
Mr. Robertson, at least you lucked out, in that I didn't know that before I found youbefore I ruled in this matter. Because had I known that, I'd have found you guilty as charged.
Here the trial court reacted to the defendant's extensive criminal history. The defendant has eight prior arrests and seven prior convictions; he also has four prior convictions for possession of a firearm by a convicted felon. He was on probation for an LSA-R.S. 14:95.1 conviction when he was arrested *1209 on this charge. Given the trial court's compliance with the statutes and the defendant's history, we conclude that the court did not abuse its discretion in imposing a seven and one-half year sentence.
We find no merit to this assignment of error.
Accordingly, the defendant's conviction and sentence are affirmed.
AFFIRMED.