744 So.2d 119 (1999)
STATE of Louisiana
v.
Kenard E. ROBINSON.
No. 98-KA-1606.
Court of Appeal of Louisiana, Fourth Circuit.
August 11, 1999.
*121 Harry F. Connick, District Attorney, Charles E.F. Heuer, Assistant District Attorney, Orleans Parish, New Orleans, LA, Counsel for Plaintiff/Appellee.
Christopher A. Aberle, Louisiana Appellate Project, Mandiville, LA, Counsel for Defendant/Appellant.
Court composed of Judge JOAN BERNARD ARMSTRONG, Judge MOON LANDRIEU and Judge MICHAEL E. KIRBY.
ARMSTRONG, Judge.

STATEMENT OF THE CASE
On September 18, 1997, the defendant, Kenard Robinson, was charged by bill of information with armed robbery, a violation of La. R.S. 14:64. The defendant pleaded not guilty at his September 30, 1997 arraignment. The trial court denied the defendant's motion to suppress the identification on November 14, 1997. The defendant was found guilty as charged on January 22, 1998, after trial by a twelve-person jury. On February 26, 1998 the defendant was sentenced to thirty years at hard labor, without benefit of probation, parole, or suspension of sentence. The court denied the defendant's motion to reconsider sentence, and the defendant filed a written motion for appeal.

FACTS
New Orleans Police Officer Kim Lewis testified that on July 27, 1997, he responded to a call of an armed robbery at the intersection of St. Denis and Cadillac Streets. He spoke with the victim, Hollis Adams, and a witness, Mark Lee. The victim's mother gave the officer the defendant's full name; Mark Lee only knew the defendant's first name. Officer Lewis compiled a photo lineup and displayed it to the victim and witness, separately. He said each immediately identified the defendant as the perpetrator, and said both related that they knew the defendant from the neighborhood.
Mark Lee, fifteen years old at the time of trial, testified that he knew both the victim and the defendant. Mark said he and the victim were riding their bicycles around 6:00 p.m. on the evening of July 27, 1997. The two rode their bicycles around a block in different directions, planning to rejoin at a certain point. When Mark saw Hollis again, the defendant, who was also on a bicycle, was holding Hollis's arm. Mark said he rode up but defendant told him to keep riding, which he did. He thought that something did not look right, so he told the victim's cousin. When he saw the victim after the confrontation, the victim was not wearing his tennis shoes. He was subsequently shown a photographic lineup and he picked out the defendant's photograph. He said he was positive that the defendant was the person, and he said he had seen defendant in the neighborhood. Mark said he did not see the defendant *122 with a gun when he was with the victim.
Hollis Adams, sixteen years old at the time of trial, testified that he had never seen the defendant before July 27, 1997. He said he was riding his bicycle slowly when the defendant rode up behind him, turned his bicycle in front of his, and grabbed his arm. Hollis said the defendant asked if Hollis knew him. As Mark Lee neared the two, the defendant asked Hollis if he knew Mark, and Hollis said he did. The defendant instructed Hollis to tell Mark to keep going. Hollis said when Mark came up the defendant told him to keep going. The defendant then told Hollis to take off his tennis shoes, and the defendant took his beeper. Hollis said the defendant displayed a chrome-colored gun, which was concealed underneath his shirt. Hollis said he could see the front of the barrel. After Hollis gave the defendant his tennis shoes and beeper, the defendant told him to ride away. Hollis rode home, and police were called. Hollis said he was later shown a photographic lineup, and he identified the defendant as the person who robbed him. Hollis identified the defendant in court. He said it was daylight when the robbery occurred. He said he was positive the defendant had a gun. He said the defendant had gold teeth.
The State had the defendant display his teeth to the jury before he took the witness stand to testify in his own behalf. The record does not reflect whether the defendant had gold teeth.
The defendant testified that Hollis Adams was his cousin, and that he had known him approximately one and one half years. However, the defendant said that he did not learn Hollis was his cousin until about one month before trial. The defendant said he saw Hollis around 3:00 p.m. on July 27, 1997, on St. Denis Street. The defendant said he called out to Hollis, and asked him if he had the drugs he owed him. The defendant said he did not have a gun that day. He denied taking tennis shoes from Hollis, but admitted taking marijuana from Hollis, marijuana which the defendant said he had given him. He said Hollis did not give all of the marijuana back to him. The defendant said that after he took the marijuana back he rode off on his bicycle.
On cross-examination, the defendant said he had given Hollis some marijuana to sell for him and had not seen him for about two weeks. He said that about six clock on the evening in question, Hollis, his mother, and "the rest of my family" came to his sister's house and told his mother that he had robbed Hollis. The defendant said his mother told Hollis's mother that if they thought the defendant had robbed Hollis, just call the police.

ERRORS PATENT
A review of the record reveals no errors patent.

ASSIGNMENT OF ERROR NO. 1
In this assignment of error, the defendant argues that the evidence is insufficient to sustain his conviction.
This court set out the standard for reviewing convictions for sufficiency of the evidence in State v. Egana, 97-0318 (La.App. 4 Cir. 12/3/97), 703 So.2d 223, as follows:
In evaluating whether evidence is constitutionally sufficient to support a conviction, an appellate court must determine whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of act could have found the defendant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Green, 588 So.2d 757 (La.App. 4 Cir.1991). However, the reviewing court may not disregard this duty simply because the record contains evidence that tends to support each fact necessary to constitute the crime. State v. Mussall, 523 So.2d 1305 (La.1988). The reviewing court must consider the record as a whole since that is what a rational trier of fact would do. If rational *123 triers of fact could disagree as to the interpretation of the evidence, the rational trier's view of all the evidence most favorable to the prosecution must be adopted. The fact finder's discretion will be impinged upon only to the extent necessary to guarantee the fundamental protection of due process of law. Mussall; Green; supra. "[A] reviewing court is not called upon to decide whether it believes the witnesses or whether the conviction is contrary to the weight of the evidence." State v. Smith, 600 So.2d 1319 (La.1992) at 1324.
In addition, when circumstantial evidence forms the basis of the conviction, such evidence must consist of proof of collateral facts and circumstances from which the existence of the main fact may be inferred according to reason and common experience. State v. Shapiro, 431 So.2d 372 (La.1982). The elements must be proven such that every reasonable hypothesis of innocence is excluded. La. R.S. 15:438. This is not a separate test from Jackson v. Virginia, supra, but rather an evidentiary guideline to facilitate appellate review of whether a rational juror could have found a defendant guilty beyond a reasonable doubt. State v. Wright, 445 So.2d 1198 (La. 1984). All evidence, direct and circumstantial, must meet the Jackson reasonable doubt standard. State v. Jacobs, 504 So.2d 817 (La.1987).
97-0318 at pp. 5-6, 703 So.2d at 227-28.
The elements of the offense of armed robbery are: (1) the taking; (2) of anything of value; (3) belonging to another; (4) from a person or the immediate control of a person; (5) by the use of force or intimidation; (6) while armed with a dangerous weapon. La. R.S. 14:64; State v. Banks, 96-652, p. 12 (La.App. 5 Cir. 1/15/97), 694 So.2d 401, 410. The testimony of an eyewitness that he observed all the elements of the offense, coupled with an identification of the defendant as the perpetrator, ordinarily is sufficient to support a conviction for armed robbery. Banks, 96-652 at p. 13, 694 So.2d 401. Production of a weapon is not required in an armed robbery prosecution, as long as the state can establish each element of the offense beyond a reasonable doubt through the testimony of witnesses. State v. Harrell, p. 98-671 (La.App. 5 Cir. 1/26/99), 727 So.2d 1231, 1234.
In the instant case, Hollis Adams testified that the defendant physically stopped him while he was on his bicycle. Hollis said that when his friend Mark Lee approached, the defendant ordered Mark to keep on riding, making certain there were no witnesses. He said the defendant then took Hollis's tennis shoes and beeper by intimidation with a handgun concealed underneath his shirt. Mark Lee's testimony supports that of Hollis in that Mark stated that the defendant ordered him to keep riding and also stated that Hollis did not have his tennis shoes on after the encounter with the defendant. The Defendant testified that all he took from Hollis was marijuana, and that he had not been armed with a handgun.
The jury obviously found the testimony of Hollis Adams and Mark Lee credible, and that of the defendant incredible. The trier of fact's determination of credibility is not to be disturbed on appeal absent an abuse of discretion. State v. Bannister, 97-0048 (La.App. 4 Cir. 1/27/99), 726 So.2d 1135; State v. Cashen, 544 So.2d 1268 (La.App. 4 Cir.1989).
There is no indication that the jury abused its discretion in assessing credibility. Viewing all of the evidence in a light most favorable to the prosecution, any rational trier of fact could have found all of the essential elements of armed robbery present beyond a reasonable doubt.

ASSIGNMENT OF ERROR NO. 2
In this assignment of error the defendant argues that his sentence was constitutionally excessive.
The State avers that the defendant is precluded from raising excessiveness *124 of sentence because the defendant's written motion to reconsider the sentence did not allege excessiveness as a ground.
La.C.Cr.P. art. 881.1 provides in pertinent part:
A. (1) Within thirty days following the imposition of sentence or within such longer period as the trial court may set at sentence, the state or the defendant may make or file a motion to reconsider sentence.
(2) The motion shall be oral at the time of sentencing or in writing thereafter and shall set forth the specific grounds on which the motion is based.
* * *
D. Failure to make or file a motion to reconsider sentence or to include a specific ground upon which a motion to reconsider sentence may be based, including a claim of excessiveness, shall preclude the state or the defendant from raising an objection to the sentence or from urging any ground not raised in the motion on appeal or review.
In the instant case, defense counsel did not object to the sentence by oral motion at the sentencing hearing. Instead, counsel filed a "form" motion to reconsider sentence which set out four separate grounds with a space provided next to each ground to be checked off to denote whether that particular ground was alleged. The first ground listed on the form motion was that "[t]he sentence is constitutionally excessive." Defense counsel did not check that ground, and thus, it was not alleged.
Instead, defense counsel checked the ground that "[t]he statute under which the defendant was sentenced either calls for an unconstitutional mandatory sentence or an unconstitutional mandatory minimum." The defendant does not argue this ground on appeal, and admits in his supplemental/reply brief that such ground would be frivolous.
The plain language of La.C.Cr.P. art. 881.1(D) precludes a defendant from urging any ground of objection to a sentence, "including a claim of excessiveness," that was not raised in the motion to reconsider, on appeal or review.
The State cites State v. Mims, 619 So.2d 1059 (La.1993). In Mims, the appellate court refused to review the defendant's excessive sentence claim because, while the defendant had asserted in his motion to reconsider sentence that the sentence was excessive, he had not alleged any reasons why it was allegedly excessive. The Louisiana Supreme Court reversed the appellate court in a per curiam decision, stating:
The court of appeal correctly observed that one purpose of the motion to reconsider, mandated by La.Code Crim.Proc. art. 881.1, is to allow the defendant to raise any errors that may have occurred in sentencing while the trial judge still has the jurisdiction to change or correct the sentence. The defendant may point out such errors or deficiencies, or may present argument or evidence not considered in the original sentencing, thereby preventing the necessity of a remand for resentencing.
Under Article 881.1 the defendant must file a motion to reconsider and set forth the "specific grounds" upon which the motion is based in order to raise an objection to the sentence on appeal. However, in order to preserve a claim of constitutional excessiveness, the defendant need not allege any more specific ground than that the sentence is excessive. If the defendant does not allege any specific ground for excessiveness or present any argument or evidence not previously considered by the court at original sentencing, then the defendant does not lose the right to appeal the sentence; the defendant is simply relegated to having the appellate court consider the bare claim of excessiveness. Article 881.1 only precludes the defendant from presenting arguments to the *125 court of appeal which were not presented to the trial court at a point in the proceedings when the trial court was in a position to correct the deficiency.
The court of appeal therefore erred in the present case by refusing to consider the defendant's appeal on the limited ground of excessiveness.
619 So.2d at 1059-60.
Thus, while holding that no specific reason need be given for a claim of excessive sentence in a motion to reconsider, Mims recognized that La.C.Cr.P. 881.1 requires that the specific ground of excessiveness be alleged.
The defendant points to several Fifth Circuit decisions where that court has addressed claims of constitutional excessiveness even where there had been no oral objections at sentencing nor motions to reconsider filed. See State v. Curtis, 97-769 (La.App. 5 Cir. 2/11/98), 707 So.2d 1328; State v. Allen, 93-838 (La.App. 5 Cir. 5/31/94), 638 So.2d 394. The court recognized that under La.C.Cr.P. art. 881.1 the defendants were precluded from raising claims about their sentences on appeal, but went on to review the constitutional excessiveness claims out of "an abundance of caution." The court in Curtis noted that Mims did not address the issue of whether a defendant's failure to file a motion to reconsider precluded "even" a claim of constitutional excessiveness. Curtis 97-769 at p. 4, 707 So.2d at 1330.
The defendant cites State v. Montz, 92-2073, p. 4 (La.App. 4 Cir. 2/11/94), 632 So.2d 822, 825, writ denied, 94-0605 (La.6/3/94), 637 So.2d 499, where this court stated that "[i]t is not entirely clear whether the Supreme Court intends for Mims to apply to cases where no motion to reconsider has been filed by the defendant."
However, this court has held in decisions subsequent to Montz that the failure to object to the sentence as excessive at the time of sentencing or to file a written motion to reconsider sentence precludes appellate review of the claim of excessiveness. State v. Martin, 97-0319, p. 1 (La. App. 4 Cir. 10/1/97), 700 So.2d 1322, 1323; State v. Green, 93-1432, pp. 5-6 (La.App. 4 Cir. 4/17/96), 673 So.2d 262, 265; State v. Salone, 93-1635, p. 4 (La.App. 4 Cir. 12/28/94), 648 So.2d 494, 495-96.
The defendant also cites State v. Rayford, 93-1386 (La.App. 4 Cir. 10/27/94), 644 So.2d 1133, writ denied, 95-0854 (La.1/10/97), 685 So.2d 136, where defense counsel made an oral objection at the sentencing, simply stating: "I object." No grounds were asserted. While recognizing that the Louisiana Supreme Court had limited review of such oral objections to the specific grounds asserted, citing Mims, this court nevertheless addressed the excessive sentence claim. Rayford appears to be an anomaly.
In the instant case, the argument or ground that defendant's sentence was constitutionally excessive was not presented to the court. La.C.Cr.P. art. 881.1(D) clearly and unambiguously states that if the specific particular ground of excessiveness is not asserted by oral objection at sentencing or written motion to reconsider, a defendant may not raise the claim on appeal or review. Mims and the jurisprudence in this circuit seem to support this view. Thus, the defendant's claim that his sentence is constitutionally excessive is not subject to review, by appeal or otherwise.
The defendant also contends in his supplemental/reply brief that defense counsel was ineffective for failing to assert the ground of constitutional excessiveness.
In State v. Causey, 96-2723 (La.App. 4 Cir. 10/21/98), 721 So.2d 78, this court stated:
Although a claim of ineffective assistance of counsel is normally raised in an application for post-conviction relief, this court may address the merits of the claim when the record on appeal is sufficient. State v. Seiss, 428 So.2d 444 (La.1983); State v. Lavigne, 95-0204 (La.App. 4th Cir. *126 5/22/96), 675 So.2d 771, writ denied, 96-1738 (La.1/10/97), 685 So.2d 140. Such a claim is assessed by the two-part test of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). State v. Brooks, 94-2438 (La.10/16/95), 661 So.2d 1333 (on rehearing). In order to prevail, the defendant must not only show that counsel's performance was deficient, but also that he was prejudiced by the deficiency. Brooks at p. 6, 661 So.2d at 1337. The defendant must prove both elements to establish that his attorney was so ineffective as to require reversal. State v. Hongo, 96-2060, p. 5 (La. 12/2/97), 706 So.2d 419, 422. Counsel's performance is ineffective when it is shown that he made errors so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment. Strickland at 686, 104 S.Ct. at 2064. To carry this burden, the defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 693, 104 S.Ct. at 2068.
96-2723 at pp. 10-11, 721 So.2d at 84-85.
The failure to check off the excessive sentence ground on the form motion to reconsider obviously was an oversight on the part of defense counsel-no evidentiary hearing is required to make this determination. Therefore, the defendant's claim of ineffective assistance of counsel can be addressed in this appeal.
La. R.S. 14:64(B) provides a sentencing range for armed robbery from five to ninety-nine years at hard labor. The trial court sentenced the defendant to thirty years.
La. Const. Art. I, § 20 explicitly prohibits excessive sentences; State v. Baxley, 94-2982, p. 4, (La.5/22/95), 656 So.2d 973, 977. Although a sentence is within the statutory limits, the sentence may still violate a defendant's constitutional right against excessive punishment. State v. Brady, 97 1095, p. 17 (La.App. 4 Cir. 2/3/99), 727 So.2d 1264, 1272-73; State v. Francis, 96-2389, p. 6 (La.App. 4 Cir. 4/15/98), 715 So.2d 457, 461, writ denied, 98-2360 (La.2/5/99), 737 So.2d 741. However, the penalties provided by the legislature reflect the degree to which the criminal conduct is an affront to society. Baxley, 94-2982 at p. 10, 656 So.2d at 979, citing State v. Ryans, 513 So.2d 386, 387 (La.App. 4 Cir.1987), writ denied, 516 So.2d 366 (La.1988). A sentence is constitutionally excessive if it makes no measurable contribution to acceptable goals of punishment, is nothing more than the purposeless imposition of pain and suffering, and is grossly out of proportion to the severity of the crime. State v. Dorthey, 623 So.2d 1276, 1280 (La.1993); State v. Robertson, 97-1040, p. 2 (La.App. 4 Cir. 11/19/97), 702 So.2d 1207, 1208. A sentence is grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense of justice. Baxley, 94-2982 at p. 9, 656 So.2d at 979; State v. Hills, 98-0507 (La.App. 4 Cir. 1/20/99), 727 So.2d 1215.
In the instant case, the trial court did not give a single reason for imposing sentence-other than its opinion that it believed the defendant committed the crime and had lied on the witness stand. The Defendant does not argue on appeal that the trial court failed to comply with La.C.Cr.P. art. 894.1, only that his sentence is constitutionally excessive. Nevertheless, "[i]intertwined with [a] review of a sentence for excessiveness is [the] review of the record to ensure that the trial court complied adequately with La.C.Cr.P. art. 894.1 and accorded proper weight to all relevant sentencing factors." State v. Smith, 433 So.2d 688, 698 (La.1983), citing State v. Tompkins, 429 So.2d 1385 (La. 1982). This court has previously addressed *127 the mandatory requirements of La.C.Cr.P. art. 894.1 as an integral part of the constitutionally excessive sentence analysis. See State v. Anderson, 97-2587 (La.App. 4 Cir. 11/18/98), 728 So.2d 14; State v. Major, 96-1214 (La.App. 4 Cir. 3/4/98), 708 So.2d 813, writ denied, 98-2171 (La.1/15/99), 735 So.2d 647.
Generally, a reviewing court must determine whether the trial judge adequately complied with the sentencing guidelines set forth in La.Code Crim. Proc. art. 894.1 and whether the sentence is warranted in light of the particular circumstances of the case. State v. Soco, 441 So.2d 719 (La.1983); State v. Quebedeaux, 424 So.2d 1009 (La.1982).
If adequate compliance with Article 894.1 is found, the reviewing court must determine whether the sentence imposed is too severe in light of the particular defendant and the circumstances of his case, keeping in mind that maximum sentences should be reserved for the most egregious violators of the offense so charged. State v. Quebedeaux, supra; State v. Guajardo, 428 So.2d 468 (La.1983). The trial judge has wide discretion in sentencing, and a sentence should not be set aside absent manifest abuse of that discretion. State v. Sweeney, 443 So.2d 522 (La.1983).
Anderson, 97-2587 at pp. 10-11, 728 So.2d at 14.
In Major, this court stated:
The articulation of the factual basis for a sentence is the goal of Art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, resentencing is unnecessary even when there has not been full compliance with Art. 894.1. State v. Lanclos, 419 So.2d 475 (La.1982). The reviewing court shall not set aside a sentence for excessiveness if the record supports the sentence imposed. La. C.Cr.P. art. 881.4(D).
96-1214 at p. 10, 708 So.2d at 819.
In State v. Toomer, 461 So.2d 387 (La. App. 4 Cir.1984), this court reversed a fifty-year sentence imposed on a seventeen-year-old first offender and remanded the matter to the trial court for resentencing after proper consideration of the guidelines in La.C.Cr.P. art. 894.1. The defendant had argued that the sentence was excessive and that the trial court failed to articulate the grounds therefore under La.C.Cr.P. art. 894.1 The court specifically noted that it was not holding that the fifty year sentence imposed on the defendant was necessarily excessive, only that it was not possible to make that determination because the trial court failed to comply with the dictates of La.C.Cr.P. art. 894.1.
In State v. Lofton, 96 1429 (La.App. 1 Cir. 3/27/97), 691 So.2d 1365, writ denied, 97-1124 (La. 10/17/99), 701 So.2d 1331, the court held that a fifty-year sentence imposed on a first-felony offender convicted of armed robbery was not constitutionally excessive. The court noted that the defendant not only had put the gun to the victim's head as a threat, but had discharged the gun at least twice when the victim fled. The court felt that the defendant had committed an extremely serious offense, and that a lesser sentence would deprecate the seriousness of the offense.
In State v. Donaldson, 439 So.2d 1138 (La.App. 4 Cir.1983), this court found that the trial court adequately stated its reasons for sentencing the defendant to one hundred and ninety-eight years, the maximum sentence, after conviction of armed robbery and adjudication as a habitual offender under La. R.S. 15:529.1. The thirty-one-year-old defendant had three prior convictions, for simple burglary, simple battery and theft. This court found that reasons given by the trial court were sufficient to comply with La.C.Cr.P. art. 894.1 and that the sentence was not excessive. Nine years later, the Louisiana Supreme Court reversed this court's affirmation of that sentence in State ex rel. Donaldson v. Whitley, 605 So.2d 1078 (La.1992), finding that "[t]he record of sentencing does not *128 show adequate compliance with LSA-C.Cr.P. art. 894.1, nor provide a factual basis for concluding that relator was beyond any hope of rehabilitation and that he therefore warranted the maximum punishment with the maximum sentence provided by law." Id.
In the instant case, no presentence investigation report is contained in the record. The defendant was nineteen years old at the time the crime was committed and was sentenced two days before his twentieth birthday. The defendant asserts in his brief that he was a first offender. Because the defendant testified in his own behalf, and the State offered no evidence that he had been previously convicted of a felony, it is a reasonable assumption that he has not previously been convicted of a felony. The record contains no evidence about any other arrest or conviction record, which it might be assumed would have been furnished to the court by the State for sentencing purposes if such record existed. Other than the previously discussed facts, and the fact that the defendant rides a bicycle, has a mother and a sister, and probably has gold teeth, nothing else is known about him.
Because the trial court failed to articulate any reasons at all for sentencing the defendant to one-third of the maximum possible sentence, and the record does not furnish a sufficient factual basis for the sentence, we find that counsel's performance was deficient in failing to set forth excessiveness of sentence as a ground in the motion to reconsider sentence, and that such deficiency prejudiced the defendant.
For the foregoing reasons, the defendant's conviction is affirmed. His sentence is vacated and set aside and the case is remanded for resentencing in compliance with La.C.Cr. P. art. 894.1.
AFFIRMED; SENTENCE VACATED AND REMANDED.