1 jTOBIAS, Judge.

STATEMENT OF THE CASE

The defendant, John Harrison, was charged on 15 September 1999, by bill of information with armed robbery, a violation of La. R.S. 14:64. He was arraigned 20 September 1999, and pled not guilty. A twelve member jury found him guilty as charged on 5 October 1999. On 26 October 1999, he was sentenced to fifty years at hard labor without .benefit of parole, probation, or suspension of sentence. The State filed a multiple bill pursuant to La. R.S. 15:529.1. The trial court found the defendant to be a third felony offender, vacated his original sentence, and sentenced him to life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence. A motion to reconsider sentence was filed and subsequently denied. He thereafter filed a motion for appeal.
FACTS
On 12 July 1999 near Memorial Medical Center (former, Mercy Hospital), Staffas Broussard, age 80, was taking a walk on Canal Street at its intersection with North Jefferson Davis Parkway with his granddaughter, Tamara Young. His wife was in the recovery room of the hospital following surgery. A male individual approached him carrying a bag. He put his arm around Broussard’s 12neck, and pulled him backwards. Both men fell to the ground. The perpetrator then rolled over on top of Broussard and held a knife to his chest near his heart. He put his hand into Broussard’s pocket tearing the pocket as he pulled the wallet out. He then ran off. Broussard and Young went into an office building to call the police. When they came out of the building, the police arrived and told them they had already arrested a suspect. Broussard said the wallet contained $66.00. Broussard identified the defendant as the perpetrator, and the knife, the wallet, the bag the defendant had been carrying, the shirt, and jeans that the defendant was wearing.
Young repeated the same story as that of Broussard but added she had seen the defendant leaning against a mailbox in the neighborhood earlier in the day. She identified the defendant as the perpetrator, the knife, the shirt, the jeans, the bag, and the wallet.
Isabella Williams testified that she was driving down Canal Street when she saw the defendant shove a man (Broussard) to the ground, take his wallet, and run. She drove around a corner to follow the perpetrator, noting the perpetrator threw something as he ran. She saw a policeman and told him about the crime. She pointed out the defendant to the policeman, identifying him as the individual wearing a burgundy shirt and blue jeans. She followed the perpetrator and saw him hide behind a dumpster. The police apprehended the defendant.
Clarita Wilson, who works in the area, said she looked up when she heard screaming and observed the defendant running from where Broussard was on the *90 ground. She observed a knife in his hand. She identified the knife and the clothing the perpetrator was wearing.
|3The parties stipulated that the defendant had $66.00 in his pocket at the time of his arrest.
The defendant testified that he was running when he was arrested because his fiancee had taken out an attachment for his arrest. He said there was another man in the area where he was arrested wearing the same shirt he had on. He admitted a conviction for armed robbery and a conviction for escape.

ERRORS PATENT AND ASSIGNMENT OF ERROR NUMBER THREE

The defendant argues the trial court erred in not waiting three days between his conviction as a third felony offender and his sentence, citing La.C.Cr.P. art. 873. The delay set out by that article applies only to the period of time between the conviction of the underlying offense and sentence, here the armed robbery, not to the multiple felony offender conviction and sentence. State v. Davalie, 313 So.2d 587 (La.1975). The appropriate delay was respected.
No error patent exists, and the assignment is without merit.

ASSIGNMENT OF ERRORS NUMBERS ONE AND TWO

The defendant argues his sentence was excessive and that the trial court erred in denying the motion to reconsider sentence.
The Louisiana Supreme Court has recently reviewed the law on point when the defendant receives the mandatory minimum sentence, specifically life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence as a third felony offender. Citing State v. Johnson, 97-1906 (La.3/4/98), 709 So.2d 672, and State v. Young, 94-1636 (La.App. 4 Cir. 10/26/95), 663 So.2d 525, 529 (J. Plotkin concurring), writ denied, 95-3010 (La.3/22/96), 669 So.2d 1223 the court stated:
| ¿To rebut the presumption that the mandatory minimum sentence is constitutional, the defendant must clearly and convincingly show that:
[he] is exceptional, which in this context means that because of unusual circumstances, this defendant is a victim of the legislature’s failure to assign sentences that are meaningfully tailored to the culpability of the offender, the gravity of the offense, and the circumstances of the case.
State v. Lindsey, 99-3256, p. 5 (La.10/17/00), 770 So.2d 339, 343.
In this case, the defendant pushed an elderly man down and tore his pocket while wielding a knife in order to take his wallet, thereby committing a crime of violence. A previous offense was the same: armed robbery, and his second offense was escape while in custody for that offense. The defendant had been on the street less than two years before he committed another armed robbery. The trial court noted these facts at the defendant’s original sentencing, only a short time before he was found to be a third felony offender. The defendant put forth no facts that he is exceptional. The trial court did not err in sentencing him to the mandatory minimum sentence and in denying his motion to reconsider sentence.
The assignments are without merit.

PRO SE ASSIGNMENTS OF ERROR NUMBERS ONE AND TWO

The defendant complains the trial court erred in denying him new counsel and that his counsel was ineffective.
At the beginning of trial, appointed OIDP counsel Joseph Meyer told the trial *91 court that the defendant wanted new counsel. The trial judge then told the defendant that Mr. Meyer was a good lawyer and that he should work with him, not against him. The defendant requested a copy of the police report, and the judge agreed that he could have one. He was given a copy, as well as a copy of the bill of information. He read them. The trial judge then explained to the defendant that | Rhe would not give him another lawyer because he had appointed Mr. Meyer, who was the public defender, and the defendant could not afford another lawyer. The judge advised that if he had thought Mr. Meyer not competent, he would not have appointed him. Accordingly, the judge ordered the trial to proceed. Mr. Meyer informed the court that he had recommended to the defendant to opt for a judge rather than a jury trial, because of the rather emotional facts surrounding the case, and that the defendant had rejected his advice.
“As a general proposition a person accused in a criminal trial has the right to counsel of his choice.” State v. Jones, 97-2593, p. 3 (La.3/4/98), 707 So.2d 975, 977, (quoting State v. Harper, 381 So.2d 468, 470-71 (La.1980)); La. Const. art. I, § 13 (at every stage of a criminal proceeding a defendant “is entitled to assistance of counsel of his choice”). However, the right is not absolute, and it must “be exercised at a reasonable time, in a reasonable manner, and at an appropriate stage within the procedural framework of the criminal justice system.” State v. Trepagnier, 97-2427, p. 8 (La.App. 4 Cir. 9/15/99), 744 So.2d 181, 188, (quoting State v. Leggett, 363 So.2d 434, 436 (La.1978)). “Thus, the Louisiana Supreme Court has repeatedly upheld the trial court’s denial of motions made on the day of trial based upon the defendant’s dissatisfaction with appointed counsel. See State v. Seiss, 428 So.2d 444, 447 (La.1983) and cases cited therein.” Id.
Here, the defendant informed the court of his request for a new attorney on the morning of trial. The court did not err in refusing to appoint another attorney.
As to the defendant’s argument that his counsel was ineffective, “[a]s a general rule, claims of ineffective assistance of counsel are more properly raised by application for post conviction relief in the trial court where a full evidentiary hearing may be conducted if warranted.” State v. Howard, 98-0064, p. 15 (La.4/23/99), 751 So.2d 783, 802, cert. denied, Howard v. Louisiana, 528 U.S. 974, 120 S.Ct. 420, 145 L.Ed.2d 328 (1999). However, where the record is sufficient and complete, the claims may be addressed on appeal. State v. Wessinger, 98-1234, p. 43 (La.5/28/99), 736 So.2d 162, 195, cert. denied, Wessinger v. Louisiana, 528 U.S. 1050, 120 S.Ct. 589, 145 L.Ed.2d 489 (1999); State v. Bordes, 98-0086, p. 7 (La.App. 4 Cir. 6/16/99), 738 So.2d 143, 147. Ineffective assistance of counsel claims are reviewed under the two-part test of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). State v. Brooks, 94-2438, p. 6 (La.10/16/95), 661 So.2d 1333, 1337 (on rehearing); State v. Robinson, 98-1606, p. 10 (La.App. 4 Cir. 8/11/99), 744 So.2d 119, 126. In order to prevail, the defendant must show both that: (1) counsel’s performance was deficient, and (2) he was prejudiced by the deficiency. Brooks, supra; State v. Jackson, 97-2220, p. 8 (La.App. 4 Cir. 5/12/99), 733 So.2d 736, 741. Counsel’s performance is ineffective when it is shown that counsel made errors so serious that counsel was not functioning as the “counsel” guaranteed by the Sixth Amendment. Strickland at 686, 104 S.Ct. at 2064; State v. Ash, 97-2061 p. 9 (La.App. 4 Cir. 2/10/99), 729 So.2d 664, 669, writ denied, *92 99-0721 (La.7/2/99), 747 So.2d 15. Counsel’s deficient performance prejudices a defendant if the errors were so serious as to deprive the defendant of a fair trial. To carry the burden, a defendant must show that a reasonable probability exists that, but for counsel’s deficient performance, the result of the proceeding would have been different; “[a] reasonable probability is a probability sufficient to undermine confidence in the outcome.” Strickland, at 698, 104 S.Ct. at 2068; State v. Guy, 97-1387, p. 7 (La.App. 4 Cir. 5/19/99), 737 So.2d 231, 236, writ denied, 99-1982 (La.1/7/00), 752 So.2d 175.
|7This court has previously recognized that if an alleged error falls “within the ambit of trial strategy” it does not “establish ineffective assistance of counsel.” State v. Bordes, 98-0086, p. 8 (La.App. 4 Cir. 6/16/99), 738 So.2d 143, 147, (quoting State v. Bienemy, 483 So.2d 1105, 1107 (La.App. 4 Cir.1986)). Moreover, as “opinions may differ on the advisability of a tactic, hindsight is not the proper perspective for judging the competence of counsel’s trial decisions. Neither may an attorney’s level of representation be determined by whether a particular strategy is successful.” Id., (quoting State v. Brooks, 505 So.2d 714, 724 (La.1987), cert. denied, Brooks v. Louisiana, 484 U.S. 947, 108 S.Ct. 337, 98 L.Ed.2d 363, (1987)).
In this case, the defendant complains counsel was ineffective because he withdrew the defendant’s motion for a preliminary hearing and all discovery motions. However, the crime at issue was witnessed by ,no less than four individuals. The defendant was arrested on the spot. Therefore, no basis existed for any argument that probable cause did not exist for the arrest. No exculpatory evidence would have been discovered. No basis existed for any motion to suppress. The motions were properly withdrawn.
The defendant complains defense counsel erred in not making an opening statement. But no reasonable argument existed that might be made concerning a defense available to the defendant, given the weight of the evidence against the defendant.
The defendant complains that counsel did not object to the admissibility of the evidence. The record reveals no valid objections that could have been made about the inadmissibility of any evidence. All evidence against the defendant was admissible.
| sCounsel was not ineffective.
These assignments are without merit.

PRO SE ASSIGNMENT OF ERROR NUMBER THREE

The defendant complains the witnesses were not credible. As will be more fully discussed below, the credibility of the witnesses is for the trier of fact. State v. Rosiere, 488 So.2d 965 (La.1986).
This assignment is without merit.

PRO SE ASSIGNMENT OF ERROR FOUR

The defendant complains that the evidence was insufficient.
In evaluating whether evidence is constitutionally sufficient to support a conviction, an appellate court must determine whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Green, 588 So.2d 757 (La.App. 4 Cir.1991). However, the reviewing court may not disregard this duty simply because the record contains evidence that tends to support each fact necessary to constitute the crime. State *93 v. Mussall, 523 So.2d 1305 (La.1988). The reviewing court must consider the record as a whole since that is what a rational trier of fact would do. If rational triers of fact could disagree as to the interpretation of the evidence, the rational trier’s view of all the evidence most favorable to the prosecution must be adopted. The fact finder’s discretion will be impinged upon only to the extent necessary to guarantee the fundamental protection of due process of law. Mussall; Green; supra. “[A] reviewing court is not called upon to decide whether it believes the witnesses or whether the conviction is contrary to the weight of the evidence.” State v. Smith, 600 So.2d 1319, 1324 (La.1992).
In addition, when circumstantial evidence forms the basis of the conviction, such evidence must consist of proof of collateral facts and circumstances from which the existence of the main fact may be inferred according to reason and common experience. State v. Shapiro, 431 So.2d 372 (La.1982). The elements must be proven such that every reasonable hypothesis of innocence is excluded. La. R.S. 15:438. This is not a separate test from Jackson v. Virginia^ supra, but rather an evidentiary guideline to facilitate appellate review of whether a rational juror could have found a defendant guilty beyond a reasonable doubt. State v. Wright, 445 So.2d 1198 (La.1984). All |9evidence, direct and circumstantial, must meet the Jackson reasonable doubt standard. State v. Jacobs, 504 So.2d 817 (La.1987).
State v. Guy, 97-1387 p. 10 (La.App. 4 Cir. 5/19/99), 737 So.2d 231, 237-38, writ denied, 99-1982 (La.1/7/00), 752 So.2d 175 (quoting State v. Egana, 97-0318, pp. 5-6 (La.App. 4 Cir. 12/3/97), 703 So.2d 223, 227-28).
La. R.S. 14:64 provides, in pertinent part: “Armed robbery is the taking of anything of value belonging to another from the person of another or that is in the immediate control of another, by use of force or intimidation, while armed with a dangerous weapon.”
The testimony of the victim alone has been held sufficient to establish the elements of an offense. State v. Campbell, 97-0358 p. 11 (La.App. 4 Cir. 5/20/98), 715 So.2d 488, 494, writ denied, 98-2485 (La.2/12/99), 738 So.2d 564. As stated above, the determination of credibility is a question of fact within the sound discretion of the trier of fact and will not be disturbed unless clearly contrary to the evidence. State v. Vessell, 450 So.2d 938, 943 (La.1984); State v. Campbell, at p. 11, 715 So.2d at 494.
Here, the victim and three eyewitnesses testified that the defendant pushed the victim to the ground, held him at knife-point, and took his wallet.
The evidence was sufficient to support the conviction.
This assignment is without merit.

PRO SE ASSIGNMENT OF ERROR NUMBER FIVE

In this assignment of error, the defendant attacks his adjudication as a multiple felony offender. He claims that the documents introduced at the hearing were not certified. The transcript, however, reflects that the documents were | ^certified. Furthermore, no objection was lodged by counsel regarding the certification. The issue is, therefore, not preserved for appeal.
This assignment is without merit.

CONCLUSION

The conviction and sentence are affirmed.

AFFIRMED.