CHARLES R. JONES, Judge.
hThe Plaintiff-Appellant, Terry Ferguson, appeals his sentences for theft of property valued at over $500. We affirm.
The present matter comes before the Court from two cases that have been consolidated for the purpose of appeal. Ferguson was charged, in two separate bills of information, with a total of fifteen counts of theft of property valued at over $500, and one count of misapplication of funds by a contractor. The first case, 2010-KA-0199 (Orleans Parish CDC No. 478-091), consisted of three counts of theft of property valued at over $500. In pleading guilty, Ferguson admitted to stealing $55,700 from Ernestine Magee, $43,886 from Patricia Waters, and $19,012 from Lawrence Carr. The companion case, 2010-KA-0200 (Orleans Parish CDC No. 477-265), consisted of twelve counts of theft of property valued at over $500, and one count of misapplication of funds by a contractor. From this set of victims Ferguson admitted to stealing, respectively: $31,794 from Walter Martin and placed a $2,470.01 lien on his house; $30,000 from Katherine Abrams and placed a $3,763.77 lien on her house; $35,000 from Beverly Martin; $33,000 from Maggie Raiford (a/ k/a Maggie Rayford) and placed a $6,668 lien on her house; $21,225 from Mildred Bonner; $52,000 from Gilbert and Denise Collins |2and placed a $5,129.47 lien on their house; $30,600 from Troy Holmes and Lintrell Phillips and placed a $2,015.09 lien on the house; $17,000 from Jacqueline Muse; $33,788 from Marlin Johnson; $40,000 from Kirk Robinson; $12,750 from Arylus Scott Slush; $17,000 from Pamela Burkes; and $63,048 from Patricia Wexler.
While the record is limited, it is apparent that Ferguson, a contractor, came from Georgia to New Orleans following Hurricane Katrina.[1] On arrival, Ferguson began providing citizens of the city with his services as a contractor. He took on many clients, promising that the work would be completed in particular time frames and in certain fashions, all of which he was not able to accomplish. Many of *293 his victims had paid in advance, and today they have nothing to show for it. The record indicates some disturbing and questionable occurrences in Ferguson’s dealings with the victims.
Ferguson initially pled not guilty to the charges; however, after a preliminary hearing, where the district court found probable cause to sustain the charges, Ferguson elected to plead guilty as charged to all counts in each bill of information. In the case 2010-KA-0199 (Orleans Parish CDC No. 478-091), Ferguson was sentenced to 10 years at hard labor and assessed a $3,000 fíne on each count, to be served concurrently with each other and consecutively with the sentences in case No. 477-265. As to the twelve counts of theft in case 2010-KA-0200 (Orleans Parish CDC No. 477-265), he was sentenced to 10 years at hard labor and assessed a $3,000 fíne on each of the counts, to be served concurrently with each other. As to the misapplication of payments by a contractor count, he was also sentenced to 18 months at hard labor, to be served consecutively with the | ¡¡theft sentences and the sentences imposed in case No. 478-091. In total, the court sentenced him to serve 21½ years of hard labor and $3,000 in fines for each of the fifteen counts of theft over $500. Ferguson filed a motion to reconsider the sentence in both cases, however these were denied by the district court prior to Ferguson filing motions for appeal in his two cases.
A review of the record reveals one patent error in case 2010-KA-0200 (Orleans Parish CDC No. 477-265). The bill of information charged Ferguson in count two with misapplication of funds by a contractor in violation of La. R.S. 14:202. However, the bill of information did not allege the amount of funds that was misapplied. La.C.Cr.P. art. 470 provides: “Value, price, or amount of damage need not be alleged in the indictment, unless such allegation is essential to charge or determine the grade of the offense.” La. R.S. 14:202 provides for different penalties depending upon the amount of money misapplied. In response to his plea, Ferguson was sentenced to eighteen months at hard labor on this count, a penalty that is only available if the State alleges in the bill and proves that the amount misapplied is greater than $3,000. See La. R.S. 14:202.
This court addressed a similar omission in State v. Kenniston, 2007-0849 (La.App. 4 Cir. 1/16/08), 976 So.2d 226, where, as here, the bill of information did not allege the amount that was misapplied. The defendant pled guilty, and the court sentenced him to four years at hard labor, suspended, and placed him on probation. When the defendant’s probation was subsequently revoked, he moved to reconsider his sentence. The court denied his motion, and he appealed. On appeal, Kenniston framed the issue as a motion to correct an illegal sentence, arguing that because the bill of information did not allege an amount, he could only |4be sentenced under the misdemeanor provision of La. R.S. 14:202. Thus, he argued, his four-year sentence was illegally excessive.
While this court took notice of State v. Olivier, 2003-1589 (La.App. 3 Cir. 6/16/04), 879 So.2d 286, (wherein the Third Circuit found that the failure to allege in the bill of information the amount misapplied rendered the bill ineffective and set aside the jury conviction and sentence and remanded the case to allow the State to amend the bill of information to properly charge the offense), we rejected this argument. In Kenniston, we nonetheless distinguished Olivier, citing State v. Guidry, 93 1091 (La.App. 1 Cir. 4/8/94), 635 So.2d 731, where the First Circuit found that the failure to allege the amount of damages in a charge of arson did not require vacating *294 the defendant’s guilty plea because the defendant was advised of the sentencing range by the court. 2007-0849, p. 7, 976 So.2d at 230.
In the matter sub judice, the bill of information did not allege an amount that was misapplied. The application for bill of particulars did not request any information concerning the amount misapplied. The plea of guilty waiver form only noted that the crimes to which he was pleading guilty were theft and misapplication of funds, but it did not list an amount with respect to the misapplication count. The plea of guilty form also noted that the sentencing range for misapplication of funds by a contractor, where the funds are in excess of $1,000, was zero to ten years. In actuality, the sentencing range for the felony grade of misapplication is a range of not less than ninety days nor more than six months for each $1,000 misapplied, but in any event not more than five years. See La. R.S. 14:202 C. During the guilty plea colloquy, the court stated that the sentencing range was a maximum of ten years. Nonetheless, Ferguson was advised that with respect to the misapplication count, the victim paid him $30,000; |fihe did very little work on the contract; and the building materials company placed a lien of $3,763.77 on the victim’s property. In addition, prior to imposing sentence, the court confirmed that the amount misapplied was greater than $3,000.
Thus, although Ferguson was not correctly advised of the sentencing range for the misapplication count, he was aware of the amount alleged to have been misapplied by the amount of the lien placed on the property by the building materials company. Moreover, he did not alleged any prejudice, either at the time he pled guilty or on appeal, from the failure to allege in the bill of information the amount misapplied. Ferguson’s sole assignment of error in both cases is that the court imposed excessive sentences on the theft counts, and his brief is silent with respect to the misapplication count. Therefore, even though the advisement of the grade of the offense was not complete in the instant matter, Kenniston is still applicable to this case because of the lack of any alleged prejudice from the omission of the amount misapplied in the bill of information. Thus, any error is harmless.
In his sole assignment of error, Ferguson argues that the sentences for theft in this matter are excessive. Thus, the focus of this decision is confined to answer the question of whether the district court abused its sentencing discretion.
On appeal, Ferguson is not arguing that the district court did not comply with the sentencing guidelines. Instead, he is contesting only the excessiveness of the sentences. He contends that he is not the most egregious offender, and should not receive such a high sentence. Ferguson argues that being overwhelmed with the work led to poor business decisions. He argues that he did not have any intention of misappropriating the monies he took, and that his prior convictions for similar crimes can be attributed to his poor business acumen.
IfiThe State rejects this view, arguing that Ferguson did not receive the maximum sentence he could have received. The State argues that he is a recidivist offender who took advantage of the people in this community in the wake of Hurricane Katrina, and in the midst of some of their most difficult times. The State goes on to argue that the sentence is not excessive because of its two-prong purpose of deterrence and retribution.
On appellate review of a sentence, this Court reviews the district court’s decision under the standard of *295 whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. State v. Walker, 00-3200, 799 So.2d 461, 462 (La.2001). The La. Const, art. 1, § 20 prohibits excessive punishment by the law. A sentence is constitutionally excessive if it makes no measurable contribution to acceptable goals of punishment and is grossly out of proportion to the severity of the crime. State v. Robinson, 1998-1606, p. 11-12 (La.App. 4 Cir.1999), 744 So.2d 119, 126. In order for a sentence to be grossly disproportionate it must shock the sense of justice when the crime and the punishment are taken in light of the harm done to society. Id. However, absent a manifest abuse of that discretion, the sentences imposed by the trial judge should not be set aside as excessive. State v. Lanclos, 419 So.2d 475, 478 (La.1982).
In addition, a sentencing judge does not possess unbridled discretion in imposing a sentence within statutory limits, regardless of mitigating circumstances. State v. Sepulvado, 367 So.2d 762, 770 (La.1979). To assess the defendant’s sentence, this court must determine if the trial judge complied with the sentencing guidelines and whether the sentence is warranted in light of the circumstances of the case. Robinson, 1998-1606, p. 12, 744 So.2d at 127. If there is compliance, the [7next factor is whether the sentence imposed is too severe in light of the particular defendant and the circumstances of his case. Id. This is especially important given that maximum sentences should be reserved for the most egregious violators of the offense charged. Id.
The district court complied with the sentencing guidelines set forth in La. R.S. 14:67. The statute provides that:
Whoever commits the crime of theft when the misappropriation or taking amounts to a value of five hundred dollars or more shall be imprisoned, with or without hard labor, for not more than ten years, or may be fined not more than three thousand dollars, or both. La. R.S. 14:67(B)(1).
Further, the law concerning consecutive sentences, La.C.Cr.P. art. 883, provides:
If the defendant is convicted of two or more offenses based on the same act or transaction, or constituting parts of a common scheme or plan, the terms of imprisonment shall be served concurrently unless the court expressly directs that some or all be served consecutively. Other sentences of imprisonment shall be served consecutively unless the court expressly directs that some or all of them be served concurrently.
The district court chose, in light of the circumstances, to sentence Ferguson to 10 years at hard labor, and impose a fine of $3,000, both penalties to be applied to each of the theft counts. Also, the district court chose, within each case, to have the theft sentences run concurrently. However the district court determined that the sentences of the two cases also are to run consecutive to each other. The sentence for misapplication of payment by a contractor should also run consecutive to both the theft sentences. The choice for the sentences imposed in the two cases to run consecutive to one another is one that is within the sound discretion of the district court. State v. Brooks, 00-2337 (La.App. 4th Cir.4/10/02), 817 So.2d 288, 290. Considering that Ferguson is a recidivist offender, and that the offenses in this case are distinct because they affected different victims at different times and in different locations, the district court did not abuse its discretion in ordering that the sentences be served consecutively.
In light of the circumstances of this case, the sentences are warranted. The *296 sentences imposed contribute to the goals of punishment by providing society an opportunity for retribution. Robinson, 1998-1606, p. 12, 744 So.2d at 127. The unabashed taking advantage of hurricane victims is a crime that warrants severe repercussions. The fifteen counts of theft to which Ferguson pled guilty show a pattern of taking people’s money and then failing to complete the work or completing it in a substandard fashion. This penalty, authorized by the legislature, reflects the degree to which this crime is an affront to society. Id.
Additionally, the sentences have a deterrence factor because they inform Ferguson and others that these crimes will not be tolerated. Recidivists are among the most egregious offenders and in light of Ferguson and the circumstances of this particular case, we do not find that the sentences are too severe.
Taking into account this particular defendant and this case, the sentences imposed are not excessive. State v. Robinson stands for the proposition that even though a sentence maybe within the statutory limit, it may still violate a defendant’s constitutional right against excessive punishment. Id at 11, 744 So.2d at 126. In Robinson, a young man was convicted of armed robbery and was sentenced to thirty years at hard labor without benefit of probation, parole, or suspension of sentence. Id. at 1, 744 So.2d at 121. On appeal, in one of his assignments of error, he contended that his sentence was constitutionally excessive. Id. at 6, 744 So.2d at 123. However, the court in Robinson vacated the | ¡¡sentence and remanded for re-sentencing because the district court did not give a single reason for imposing the sentence, beyond the fact that the young man had committed the crime and lied on the witness stand. Id. at 12, 744 So.2d at 126. The outcome of Robinson is distinguishable because in the instant matter, the district court imposed the sentence due to the magnitude of the harm Ferguson inflicted in the thefts he committed and due to the fact that he is a recidivist offender that tried to profit from the destruction of Hurricane Katrina.
Moreover, this sentence does not shock the sense of justice when the crime and punishment are examined in light of the harm done to society, as found in Robinson. Ferguson admittedly stole from citizens of this state in fifteen different instances. Through his actions, he has created havoc in the lives of his victims and that of their families. Upon review of the record it is clear that this is not simply a matter of poor business management. Instead, Ferguson’s interactions with the victims portrays that he did not care about the hardships that he inflicted on them. This, added to the fact that he has not attempted to make restitution signals to this court his lack of remorse. Given these circumstances, it does not appear that the district court abused its discretion by imposing the maximum sentences on each of the theft counts.
Thus, we find that there is no manifest error nor abuse of discretion by the district court in the sentence imposed herein. See Lanclos, 419 So.2d at 478. The district court is given wide discretion because it is in the best position to discover the relevant facts in the case. Id. As stipulated by Ferguson, the district court did comply with the sentencing guidelines herein. Therefore, in determining the sentence, the district court took into account the severity of Ferguson’s actions and stated:
|1flI have considered everything that these victims have said today in court. And I have considered the acts that are alleged and that you have pled guilty to, *297 sir. And when I think about the fact that you took advantage of the vulnerable people during one of the most traumatic times in this city’s history. I am disgusted by your actions.
The district court went on to say that, “And, sir, I believe that your actions warrant nothing less than the maximum penalty under the law, nothing less than that.” The court concluded that the taking advantage of vulnerable people in this community has been a plague in the post-Katrina era. This issue did not arise simply as a result of poor business acumen. Had poor business skills been the only issue, this would have been made abundantly clear to Ferguson following his second conviction. The fact that he pursued the same business venture despite his past record evidences his intent to victimize the people of this community.
Determining that the district court did not abuse its broad sentencing discretion, we find the sentences to be appropriate in the matter.

DECREE

For the forgoing reasons, the judgment of the district court as to the sentences imposed upon Terry Ferguson is affirmed.
AFFIRMED.

. Ferguson has two prior felony theft convictions in Georgia, and at the time of sentencing in this case he had similar charges pending in Jefferson Parrish.