NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

11-1428

STATE OF LOUISIANA

VERSUS

PAGEL L. ARNOLD

AKA PAGEL LYNN ARNOLD

**********

APPEAL FROM THE
THIRTIETH JUDICIAL DISTRICT COURT
PARISH OF VERNON, NO. 80849
HONORABLE JAMES RICHARD MITCHELL, DISTRICT JUDGE

**********

**ELIZABETH A. PICKETT**
**JUDGE**

**********

Court composed of Jimmie C. Peters, Elizabeth A. Pickett, and Shannon J. Gremillion, Judges.

AFFIRMED.

Asa Allen Skinner
District Attorney, 30th Judicial District Court
Terry Wayne Lambright
Assistant District Attorney
P. O. Box 1188
Leesville, LA 71496-1188
(337) 239-2008
COUNSEL FOR APPELLEE:
    State of Louisiana

**Edward Kelly Bauman**
**Louisiana Appellate Project**
**P. O. Box 1641**
**Lake Charles, LA 70602-1641**
**(337) 491-0570**
**COUNSEL FOR DEFENDANT-APPELLANT:**
    **Pagel L. Arnold**

**PICKETT, Judge.**

In August 2010, Pagel Arnold twice entered property owned by Randy Ingalls and removed batteries and radiators from abandoned vehicles. He also stole an air conditioning unit. He was charged by bill of information with one count of theft of property valued over $1,500.00, a violation of La.R.S. 14:67(B)(1); one count of theft of property valued over $500.00, a violation of La.R.S. 14:67(B)(2); and one count of simple criminal damage to property, a violation of La.R.S. 14:56(B)(2). In a separate bill of information, the defendant was charged with two misdemeanor counts of criminal trespass, in violation of La.R.S. 14:63.

On June 1, 2011, the defendant pled guilty to one count of theft of property over $1,500.00 and one count of criminal damage to property. In exchange for his plea of guilty, the state agreed to dismiss one count of theft of property and the trespassing charges. The state also agreed not to seek enhanced sentencing of the defendant as a habitual offender. The trial court later sentenced the defendant to serve five years at hard labor and pay a fine of $3,000.00 for theft of property and serve two years at hard labor and pay a fine of $1,000.00 for criminal damage to property. The trial court ordered the sentences to be served concurrently. The defendant now appeals his sentence.

## ASSIGNMENT OF ERROR

The defendant asserts one assignment of error:

> The trial court erred in that the sentences imposed upon Pagel Arnold are constitutionally excessive and imposed without sufficient consideration of La.Code Crim.P. art. 894.1.

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed by this court for errors patent on the face of the record. After reviewing the record, we find one error patent.

The bill of information charged the defendant in Count 3 with criminal damage to property with damage in excess of $500.00. Louisiana Revised Statutes 14:56 provides three grades of the offense of simple criminal damage to property, the latter two being $500.00 to less than $50,000.00 and $50,000.00 or more. We note that the defendant was advised at the guilty plea proceeding of the possible penalty, with the court using the penalty provision for the grade of criminal damage to property where the damage amounts to $500.00 but less than $50,000.00. La.R.S. 14:56. Thus, the defendant was apprised of the correct sentencing range. He does not claim on appeal that he did not understand the nature of the charge against him nor does he allege any prejudice resulting from this error in the bill. Accordingly, we find the error is harmless. *See State v. Ferguson,* 10-199 (La.App. 4 Cir. 6/30/10), 43 So.3d 291, *writ denied*, 10-1744 (La. 1/28/11), 56 So.3d 965 and *State v. Upchurch*, 00-1290 (La.App. 5 Cir. 1/30/01), 783 So.2d 398.

## DISCUSSION

The defendant failed to file a motion to reconsider the sentence in the trial court. Our review, therefore, is limited to a bare claim of excessiveness. La.Code Crim.P. art. 881.1, *State v. Graves*, 01-156 (La.App. 3 Cir. 10/3/01), 798 So.2d 1090, *writ denied*, 02-29 (La. 10/14/02), 827 So.2d 420.

This court has set forth the following standard to be used in reviewing excessive sentence claims:

La. Const. art. I, § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. *State v. Campbell*, 404 So.2d 1205 (La.1981). The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. *State v. Etienne*, 99-192 (La.App. 3 Cir. 10/13/99); 746 So.2d 124, *writ denied*, 00-0165 (La.6/30/00); 765 So.2d 1067. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. *State v. Cook*, 95-2784 (La.5/31/96); 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

*State v. Barling*, 00-1241, 00-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042-43, *writ denied*, 01-838 (La. 2/1/02), 808 So.2d 331.

In order to decide whether a sentence shocks the sense of justice or makes no meaningful contribution to acceptable penal goals, we have held:

> [A]n appellate court may consider several factors including the nature of the offense, the circumstances of the offender, the legislative purpose behind the punishment and a comparison of the sentences imposed for similar crimes. *State v. Smith*, 99-0606 (La.7/6/00), 766 So.2d 501. While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." *State v. Batiste*, 594 So.2d 1 (La.App. 1 Cir.1991). Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case." *State v. Cook*, 95-2784 (La.5/31/96), 674 So.2d 957, 958.

*State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-562 (La. 5/30/03), 845 So.2d 1061.

The maximum sentence for theft of property over $1,500.00 is a $3,000.00 fine and ten years at hard labor. The maximum sentence for simple criminal damage to property is a $1,000.00 fine and two years at hard labor. The defendant received the maximum fine and a midrange jail sentence of five years for theft of

property. He received the maximum sentence for simple criminal damage to property. The sentences were ordered to be served concurrently. In exchange for his plea of guilty, he was not exposed to a sentence for the second count of theft of property, and he avoided a habitual-offender proceeding. We find that the trial court did not abuse its broad discretion in sentencing the defendant.

We note that the trial court did make a mistake of fact when it stated that the defendant had no children, when in fact he has two children with his previous wife. The children did not live with the defendant, and he stated that he did not provide regular support for them. This error does not change our conclusion that the trial court did not abuse its discretion in sentencing the defendant.

## DISPOSITION

The defendant's sentences are affirmed.

**AFFIRMED.**

This opinion is not designated for publication.
See Uniform Rules—Courts of Appeal, Rule 2-16.3.