h GASKINS, J.
The defendant, Dennis L. Meshell, appeals as excessive his sentences of eight years at hard labor on each of three counts of carnal knowledge of a juvenile and seven years at hard labor for one count of indecent behavior with a juvenile, with the sentences to run concurrently. We affirm the convictions and sentences.
FACTS
In October 1992 and May 1993, the defendant, then 26 years old, engaged in “consensual” vaginal sexual intercourse with AAB, who was born in May 1978. This activity resulted in charges of two counts of carnal knowledge of a juvenile against the defendant. On other dates between March 1990 and May 1996, excluding the dates previously mentioned, the defendant committed lewd and lascivious acts, including fondling and sexual intercourse, upon the person of AAB, resulting in a charge of one count of indecent behavior with a juvenile. As consequences of these offenses, AAB gave birth to two children. The defendant married her in June 1996.
Thereafter, between June 2001 and January 2002, the defendant repeatedly engaged in vaginal sexual intercourse with another victim, BEH, a 14-year-old habitual runaway, resulting in a charge of one count of carnal knowledge of a juvenile for the defendant.
On July 18, 2002, the above-mentioned charges were filed against the defendant, three counts of carnal knowledge of a juvenile and one count of indecent behavior with a juvenile. On March 4, 2004, the defendant pled guilty as charged. The defendant was subsequently sentenced as set forth Rabove. The trial court then denied timely motions for reconsideration of his sentences.
DISCUSSION
The defendant appealed, claiming that his sentences are excessive. In his brief, the defendant’s counsel first argues that the court imposed an illegal sentence of eight years on the indecent behavior charge. This argument has no valid factual basis. The argument apparently is based solely on defense counsel’s reading of the court minutes which do not accurately reflect the sentencing colloquy. The sentencing transcript clearly shows that the trial court initially sentenced the defendant to eight years at hard labor on *1198 each charge, then corrected the indecent behavior with a juvenile sentence to seven years at hard labor. The jurisprudence holds that where there is a discrepancy between the minutes and the sentencing transcript, the transcript prevails. State v. Sebastien, 31,750 (La.App.2d Cir.3/31/99), 730 So.2d 1040, writ denied, 1999-1426 (La.10/29/99), 748 So.2d 1157. Thus, the claim that this sentence was in excess of that allowed by the statute of conviction has no factual basis.
Appellate defense counsel also complained that the defendant was not arraigned on the bill of information. The record, in a minute entry for July 18, 2002, shows the defendant waived arraignment at the preliminary examination. Even if the defendant had not been arraigned, La. C. Cr. P. art. 555 states that any irregularity in the arraignment, including a failure to read the indictment, is waived if the defendant pleads to the indictment without objecting thereto.
[«Next, counsel argues that the concurrent sentences are excessive. The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983); State v. Dunn, 30,767 (La.App.2d Cir.6/24/98), 715 So.2d 641. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La. C. Cr. P. art. 894.1. State v. Lanclos, 419 So.2d 475 (La.1982).
The important elements which should be considered are the defendant’s personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of the offense, and the likelihood of rehabilitation. State v. Jenkins, 38,534 (La.App.2d Cir.5/12/04), 874 So.2d 368.
Whether the sentence imposed is too severe depends on the circumstances of the case and the background of the defendant. A sentence violates La. Const, art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Bradford, 29,519 (La.App.2d Cir.4/2/97), 691 So.2d 864. As a general rule, maximum or near maximum sentences are to be reserved for the worst offenders and the worst offenses. State v. Robinson, 36,147 (La.App.2d Cir.12/11/02), 833 So.2d 1207.
A trial court has broad discretion to sentence within the statutory limits. Absent a showing of manifest abuse of that discretion, we may not set aside a sentence as excessive. State v. Guzman, 1999-1528, 1999-1753 (La.5/16/00), 769 So.2d 1158.
Prior to imposing sentence, the trial court considered the facts of the case and heard testimony from the mother of the victim, BEH, that, due to the defendant’s actions, the child had gone from being an honor roll student to one who consistently failed her classes. We note that the record shows that the defendant obtained a first offender pardon for an unspecified offense committed in 1987.
On this record, we do not find constitutional error. Although the court’s articula *1199 tion of reasons for sentence are minimal, the record supports the sentences imposed. The defendant repeatedly engaged in improper sexual acts and sexual intercourse with AAB over a period of years. She had two children due to his actions. Several years later, the defendant demonstrated that he is a serial sexual predator of young girls by repeatedly engaging in sexual intercourse with BEH. Thus, he is among the class of worst offenders for whom maximum sentences are appropriate. The trial court granted great leniency in imposing less than the maximum terms of imprisonment on the carnal knowledge counts and in directing that the | ^sentences be served concurrently rather than consecutively. The aggregate sentence imposed is lawful and is neither grossly disproportionate to the severity of the offenses of conviction nor is it shocking to our sense of justice. There is no showing of a manifest abuse of the district court’s discretion in the imposition of these sentences, viewed either individually or collectively.
ERROR PATENT
The defendant requested that the record be examined for errors patent and that this court “take whatever corrective action it deems appropriate.” This request is superfluous since such a review is made automatically in all criminal cases. State v. Bryant, 29,344 (La.App.2d Cir.5/7/97), 694 So.2d 556. Our examination of the record fails to reveal such error.
CONCLUSION
For the reasons stated above, the convictions and sentences of the defendant, Dennis L. Meshell, are affirmed.
AFFIRMED.