MAX N. TOBIAS, JR., Judge.
It Gregorio Quezada[1] was charged by bill of information on 11 January 2008 with carnal knowledge of a juvenile, a violation of La. R.S. 14:80. He was arraigned on 16 January 2008, entered a plea of not guilty, and elected a bench trial. He was tried and found guilty as charged on 1 July 2008. A pre-sentence investigation report (“PSI”) was filed, and the trial court sentenced him to nine years at hard labor on 10 October 2008. Years later, Mr. Queza-da filed an application for post-conviction relief in the trial court. Subsequently, after the trial court failed to respond to his application, Mr. Quezada applied for supervisory writs with this court, requesting a writ of mandamus, which this court granted, ordering a hearing. State v. Que-zada, 13-0505, unrep. (La.App. 4 Cir. 4/25/13). The trial court denied Mr. Que-zada’s request for post-conviction relief four days later. Thereafter, Mr. Quezada filed a “Motion for Reconsideration or Notice of Intent,” asking the trial court to reconsider its denial of post-conviction relief, which the trial court denied on 21 May 2013. Mr. Quezada then filed a petition for an out-of-time appeal, which the court *910 granted on 6 June 2013; this appeal followed.
| STATEMENT OF THE FACTS
At trial, the juvenile victim, D.M., stated that she relocated to New Orleans with Mr. Quezada from New Jersey in June 2007, when she was fifteen years old. She stated that Mr. Quezada was a friend of her family. Both D.M. and Mr. Quezada were born in Ecuador, and neither is a United States citizen. In New Jersey, D.M. asked Mr. Quezada for help after an incident with her family,[2] and he agreed to help her find a job and a place to live. In New Orleans, the victim lived with Mr. Quezada and another roommate in a trailer off Old Gentilly Road near Woodland Street.
D.M. stated that she engaged in vaginal intercourse with Mr. Quezada twice. In one incident, Mr. Quezada bought D.M. alcohol, and when she was drunk, the two had sex in his truck. In the other incident, D.M. and Mr. Quezada had sex again in his truck, but she was not drunk that time. At some point, D.M. befriended a girl at a truck stop, and D.M. subsequently moved in with her. D.M. testified that the move was precipitated by an incident where Mr. Quezada punched her when he was drunk. D.M. told the girl what happened between them. The girl thought it in D.M.’s best interest to talk to police about Mr. Quezada’s actions and to return to her mother.
The girl took D.M. to the St. Bernard Parish Sheriffs Office, where D.M. communicated with Deputy Janeel Young about what happened. Officer Kurt Coulon of the New Orleans Police Department’s child abuse unit was called to the St. Bernard Parish Sheriffs Office. Officer Coul-on testified that the girl who took the victim to the sheriffs office was a friend of Deputy Young, but she was never | sidentified and did not serve as a witness at any point in the proceedings. At the sheriffs office, D.M. told Officer Coulon what happened[3] and where Mr. Quezada lived. The victim led Officer Coulon to the location of Mr. Quezada’s trailer, where he knocked on the door, identifying himself as police. Mr. Quezada exited the trailer, and D.M. identified him. Officer Coulon then advised Mr. Quezada he was being arrested and charged with carnal knowledge of a juvenile. Both Officer Coulon and D.M. identified Mr. Quezada in open court.
At trial, Mr. Quezada denied ever having sex with D.M. He testified that D.M. ran away sometimes while living with her mother in New Jersey and drank alcohol often. He also testified that D.M. was violent, did not get along with peers at school, and would also stay out all night partying. He stated that his relationship with D.M. resembled a father-daughter relationship and that she sometimes introduced him as her uncle.

Errors Patent

A review of the record reveals no errors patent.

Discussion

Pro se Assignment of Error Number One[4]
In his pro se supplemental brief, Mr. Quezada asserts that the trial court *911 erred because the conviction was based on insufficient evidence. An appellate court reviews insufficiency of evidence cases under the following standard:
In evaluating whether evidence is constitutionally sufficient to support a conviction, an appellate court must determine whether, viewing the evidence in the light 14most favorable to the prosecution, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Green, 588 So.2d 757 (La.App. 4th Cir.1991). However, the reviewing court may not disregard this duty simply because the record contains evidence that tends to support each fact necessary to constitute the crime. State v. Mussall, 523 So.2d 1305 (La.1988). The reviewing court is not permitted to consider just the evidence most favorable to the prosecution but must consider the record as a whole since that is what a rational trier of fact would do. If rational triers of fact could disagree as to the interpretation of the evidence, the rational trier’s view of all the evidence most favorable to the prosecution must be adopted. The fact finder’s discretion will be impinged upon only to the extent necessary to guarantee the fundamental protection of due process of law. Mussall, 523 So.2d at 1309-1310. “[A] reviewing court is not called upon to decide whether it believes the witnesses or whether the conviction is contrary to the weight of the evidence.” State v. Smith, 600 So.2d 1319, 1324 (La.1992).
A factfinder’s credibility decision should not be disturbed unless it is clearly contrary to the evidence. State v. Huckabay, 2000-1082 (La.App. 4 Cir. 2/6/02), 809 So.2d 1093; State v. Harris, 99-3147 (La.App. 4 Cir. 5/31/00), 765 So.2d 432. The testimony of a single witness, if believed by the trier of fact, is sufficient to support a conviction. State v. White, 28,095 (La.App.2d Cir. 5/8/96), 674 So.2d 1018.
Conflicting statements as to factual matters is a question of weight of the evidence, not sufficiency. State v. Jones, 537 So.2d 1244 (La.App. 4[th] Cir.1989). Such a determination rests solely with the trier of fact who may accept or reject, in whole or in part, the testimony of any witness. Id. A trier of fact’s determination as to the credibility of a witness is a question of fact entitled to great weight, and its determination will not be disturbed unless it is clearly contrary to the evidence. State v. Vessell, 450 So.2d 938 (La.1984).
State v. Wells, 10-1338, pp. 4-5 (La.App. 4 Cir. 3/30/11), 64 So.3d 303, 306.
| sMr. Quezada’s basis for his insufficient evidence assertion constitutes the following: that D.M. did not allege that any sexual encounters occurred in Newark, New Jersey, where she stayed with him for two weeks before moving to New Orleans; that D.M. did not allege that any sexual encounters occurred in her childhood or while Mr. Quezada lived with her family in New Jersey; and a generalized assertion that the prosecution fabricated the allegations and testimony.
Mr. Quezada appears to attack the credibility of D.M., due to the fact that the allegations of sexual intercourse between the two were said to have occurred only in New Orleans.[5] This is clearly a credibility determination that falls under the trial court’s sole authority. Id. Lacking proof *912 that D.M.’s credibility is clearly contrary to the evidence, this court is prohibited from disturbing the trial court’s credibility determination. Id. Taken as true, the fact that Mr. Quezada had ample opportunity to have sexual intercourse with the victim but, he asserts, did not, fails to constitute evidence that contradicts her credibility. A myriad of reasons exist why D.M. did not allege sexual assault occurring during the time she was in New Jersey. The fact that she did not allege it does not mean it did not occur. Even if Mr. Quezada did not have sexual intercourse with D.M. in New Jersey, that fact bears no weight on the current crime of which Mr. Quezada was convicted. The trial court placed greater value on D.M.’s credibility than on Mr. Quezada’s. Such is within the trial court’s discretion. Absent any evidence refuting this credibility determination, we are required to find this assignment of error lacks merit.

Counseled Assignment of Error Number One and Pro Se Assignment of Error Number Three

| f,Counsel for the defendant asserts that the trial court erred by failing to give reasons for imposing a nearly maximum sentence where the record makes clear that Mr. Quezada, a first offender, is not the worst kind of offender, and the offensive behavior is not the most serious violation of the charged offense. Thus, this assignment is essentially an appeal of an excessive sentence. Excessive sentence eases are governed by an abuse of discretion standard:
Louisiana Constitution of 1974, art. I, § 20 provides, in pertinent part, that “[n]o law shall subject any person to ... excessive ... punishment.” Although a sentence is within statutory limits, it can be reviewed for constitutional excessiveness. State v. Sepulvado, 367 So.2d 762, 767 (La.1979). A sentence is unconstitutionally excessive when it imposes punishment grossly disproportionate to the severity of the offense or constitutes nothing more than needless infliction of pain and suffering. State v. Bonanno, 384 So.2d 355, 357 (La.1980). A trial judge has broad discretion when imposing [a] sentence, and a reviewing court may not set a sentence aside absent a manifest abuse of discretion. State v. Cann, 471 So.2d 701, 703 (La.1985). On appellate review of a sentence, the relevant question is not whether another sentence might have been more appropriate but whether the trial court abused its broad sentencing discretion. State v. Walker, 2000-3200, p. 2 (La.10/12/01), 799 So.2d 461, 462; cf. State v. Phillips, 2002-0737, p. 1 (La.11/15/02), 831 So.2d 905, 906.
State v. Dauzart, 11-0688, pp. 12-13 (La.App. 4 Cir. 3/21/12), 89 So.3d 1214, 1222.
Defense counsel argues that the trial court failed to comply with La.C.Cr.P. art. 894.1, failing to state for the record its reasons for sentencing and the factual basis for those considerations. Because of that omission, defense counsel argues defendant’s case should be remanded and Mr. Quezada should be resentenced. We disagree.
17La.C.Cr. P. 894.1 C states: “[t]he court shall state for the record the considerations taken into account and the factual basis therefor in imposing sentence.” La. C.Cr.P. art. 881.4 governs circumstances when remand and resentence are appropriate:
A. If the appellate court finds that a sentence must be set aside on any ground, the court shall remand for re-sentence by the trial court. The appellate court may give direction to the trial court concerning the proper sentence to impose.
*913 B. In the interest of justice, the appellate court may remand the case for re-sentencing before a judge other than the judge who imposed the initial sentence.
C. If necessary to an appropriate disposition of a motion to reconsider sentence, the appellate court may remand the case to the trial court with instructions to supplement the record or to hold an evidentiary hearing.
D. The appellate court shall not set aside a sentence for excessiveness if the record supports the sentence imposed.
Courts have held that if the record supports a conviction and sentence, a trial court’s failure to strictly comply with La. C.Cr.P. art. 894.1C does not merit remand and resentence. In Dauzart, p. 18, 89 So.3d at 1222-23, we stated:
The trial judge’s failure to comply with La.Code Crim. Proc. article 894.1 does not automatically render a sentence invalid. The Louisiana Supreme Court has held that although Article 894.1 provides useful guidelines for the determination of the nature and length of a sentence, compliance with its provisions is not an end in itself. State v. Wimberly, 414 So.2d 666 (La.1982). Article 894.1 is intended to provide an impartial set of guidelines within which the trial judge’s sentencing discretion may be exercised. State v. Price, 403 So.2d 660 (La.1981); State v. Douglas, 389 So.2d 1263 (La.1980).
Compliance with Article 894.1 further provides a record which is detailed enough to allow for a reasoned review of allegedly excessive sentences. The articulation of the Isfactual basis for a sentence is the goal of Article 894. 1, not rigid or mechanical compliance with its provisions. A remand is unnecessary where the record clearly shows an adequate factual basis for the sentence imposed, even where there has not been full compliance with Article 894.1. State v. Boatright, 406 So.2d 163 (La.1981).
In Dauzart, this court reasoned that although the trial court failed to state its reasons for sentencing, the judge sat through the trial and heard the testimony, and the record supported the conviction and sentence. Id. Dauzart is applicable to this case. Here, the trial judge presided over Mr. Quezada’s trial, heard the testimony of Officer Coulon, D.M., and Mr. Quezada, and ordered and received a PSI. La. R.S. 14:80 A(l) states that it is felony carnal knowledge of a juvenile when:
A person who is seventeen years of age or older has sexual intercourse, with consent, with a person who is thirteen years of age or older but less than seventeen years of age, when the victim is not the spouse of the offender and when the difference between the age of the victim and the age of the offender is four years or greater.
D.M. was born on 16 January 1992, traveled to New Orleans with Mr. Quezada in June 2007, and had sex with Mr. Quezada within the next few months. D.M. was fifteen years old at the time. Mr. Queza-da’s date of birth is 25 December 1967, making him 39 years old at that time. If taken as true, these facts in the record on their own support Mr. Quezada’s conviction and sentence. The sentencing range for La. R.S. 14:80 is not more than ten years. Mr. Quezada was sentenced to nine years in the Department of Corrections, or 90% of the sentencing range. Defense counsel argues that Mr. Quezada is a first-time offender and does not drink or use drugs. Defense counsel asserts that the nine year sentence is overly harsh, given 19that Mr. Quezada was not a worst kind offender nor was his violation the most serious form of the offense.
It is within the trial judge’s discretion to sentence a defendant to a prison term *914 within the statutory range. Additionally, D.M. states in the PSI: “I do think it is better for him to be in jail because if not my family may be in danger.” Moreover, courts have upheld sentences high in the sentencing range for first time offenders of sex crimes against a juvenile. See State v. Badeaux, 01-406 (La.App. 5 Cir. 9/25/01), 798 So.2d 234 (first time offender sentenced to the maximum of ten years for sexual battery and seven years for indecent behavior with a juvenile); State v. Meshell, 39,171 (La.App. 2 Cir. 10/27/04), 886 So.2d 1195, 1197 (defendant, who received a first offender pardon in 1987 for an unspecified crime, was sentenced to eight years at hard labor on three counts of carnal knowledge of a juvenile and seven years for one count of indecent behavior with a juvenile to run concurrently).
The record supports Mr. Quezada’s sentence; we do not find the trial court abused its discretion.
We note that appellate counsel points out that Mr. Quezada’s trial counsel failed to move for a reconsideration of sentence. Pursuant to Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) and State v. Robinson, 98-1606 (La.App. 4 Cir. 8/11/99), 744 So.2d 119, defense counsel argues, a finding of ineffective counsel by failure to object to the sentence as excessive or to move for reconsideration, where the trial court does not state its reasons for sentencing, may be grounds for remand. In Robinson we found that the record did not support the defendant’s |1flsentence.[6] Id. Defense counsel on appeal did not assert an assignment of error for ineffective counsel. Mr. Quezada, in his pro se brief, asserted an ineffective assistance of counsel assignment of error, discussed further infra, but did not specify that his trial counsel should have objected to his sentence as excessive or moved for reconsideration. However, for the sake of thoroughness, we will discuss whether trial counsel’s failure to object to the sentence as excessive or to move for reconsideration of sentence constitutes ineffective assistance of counsel.
“As a general rule, claims of ineffective assistance of counsel are more properly raised by application for post-conviction relief in the trial court where a full evidentiary hearing may be conducted if warranted.” State v. Howard, 98-0064, p. 15 (La.4/23/99), 751 So.2d 783, 802. However, where the record is sufficient, the claims may be addressed on appeal. State v. Bordes, 98-0086, p. 7 (La.App. 4 Cir. 6/16/99), 738 So.2d 143, *915 147. Ineffective assistance of counsel claims are reviewed under the two-part test of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). State v. 11Brooks, 94-2438, p. 6 (La.10/16/95), 661 So.2d 1333, 1337 (on rehearing); State v. Robinson, 98-1606, p. 10 (La.App. 4 Cir. 8/11/99), 744 So.2d 119, 126. In order to prevail, the defendant must show both that: (1) counsel’s performance was deficient; and (2) he was prejudiced by the deficiency. Brooks, supra; State v. Jackson, 97-2220, p. 8 (La.App. 4 Cir. 5/12/99), 733 So.2d 736, 741. Counsel’s performance is ineffective when it is shown that he made errors so serious that counsel was not functioning as the “counsel” guaranteed by the Sixth Amendment. Strickland, 466 U.S. at 686, 104 S.Ct. at 2064; State v. Ash, p. 9 (La.App. 4 Cir. 2/10/99), 729 So.2d 664, 669. Counsel’s deficient performance will have prejudiced the defendant if he shows that the errors were so serious as to deprive him of a fair trial. To carry his burden, the defendant must show that there is a reasonable probability that, but for counsel’s deficient performance the result of the proceeding would have been different; “[a] reasonable probability is a probability sufficient to undermine confidence in the outcome.” Strickland, 466 U.S. at 693, 104 S.Ct. at 2068; State v. Guy, 97-1387, p. 7 (La.App. 4 Cir. 5/19/99), 737 So.2d 231, 236.
This court has previously recognized that if an alleged error falls “within the ambit of trial strategy” it does not “establish ineffective assistance of counsel.” Bordes, 98-0086, p. 8, 738 So.2d at 147, quoting State v. Bienemy, 483 So.2d 1105, 1107 (La.App. 4 Cir.1986). Moreover, as “opinions may differ on the advisability of a tactic, hindsight is not the proper perspective for judging the competence of counsel’s trial decisions. Neither may an attorney’s level of representation be determined by whether a particular strategy is successful.” Id. quoting State v. Brooks, 505 So.2d 714, 724 (La.1987).
State v. Rubens, 10-1114, pp. 58-59 (La.App. 4 Cir. 11/30/11), 83 So.3d 30, 66-67.
Here, trial counsel made no objections at the sentencing hearing and did not file a motion to reconsider sentence. However, Mr. Quezada filed multiple applications for post-conviction relief, including motions to reconsider sentence; the trial court repeatedly denied those motions. Because the trial court denied Mr. 112Quezada’s motions to reconsider his sentence, trial counsel’s failure to file those motions himself would not have made a difference to Mr. Quezada’s access to a fair trial and would not have altered the outcome of the trial court’s sentencing determination. Unlike Robinson, a PSI was requested and received by the trial judge before sentencing Mr. Quezada. Further, the record supports Mr. Quezada’s conviction and sentence. As such, we find no merit to defense counsel’s Robinson claim.
Mr. Quezada, in his pro se brief, lists several ways in which he alleges ineffective assistance of counsel: had counsel performed a proper investigation, he would have realized that D.M. was lying and her story was “put together” by the police and prosecution; counsel did not call D.M.’s mother to verify her story that she was raped by her father; counsel did not investigate Deputy Young or his possible friend, the girl who took D.M. to the police station; “from the record it clearly appears this allege[d] truck stop was a prostitution ring;” and counsel failed to investigate D.M.’s school record.
We find this assignment of error, given its fact-intensive nature, would ordinarily and more properly be addressed in the *916 trial court with an evidentiary hearing. However, the trial court has repeatedly denied Mr. Quezada’s applications for post-conviction relief. As such, we evaluate Mr. Quezada’s claims to determine if his counsel’s alleged ineffectiveness cost him a fair trial and whether the result of the trial would have been different but for the claims of ineffectiveness. Rubens, supra.
Mr. Quezada asserts that counsel failed to investigate and discover that the police and prosecution “put together” the ease and D.M.’s story. As discussed in pro se assignment of error number two, infra, we find no evidence of prosecutorial | ^misconduct, ie. that the prosecution allowed witnesses to lie about material facts at trial.
Mr. Quezada then asserts that counsel should have called D.M.’s mother to verify her story in general, and verify whether D.M. was raped by her father. A phone call verification of D.M.’s “story” and rape would have been irrelevant to the trial, since counsel cannot testify as to facts. Even if counsel could have obtained D.M.’s mother as a witness, which seems unlikely, whether D.M. was raped by her father is irrelevant to the underlying case. The trial court permitted no elaboration after D.M. stated that her father had raped her in court, and sustained objections of irrelevance.
Next, Mr. Quezada asserts that counsel did not investigate Deputy Young or his possible friend, the girl who took D.M. to the police station. When asked who took D.M. to the station, Officer Coul-on testified that it was a friend of Deputy Young, but the person was not identified. This person did not serve as a witness or participate in any part of these proceedings. Deputy Young is the person who called Officer Coulon to advise him about the ease, presumably because the alleged crime occurred in Orleans Parish, over which the St. Bernard Sheriffs Office has no jurisdiction. The record does not reveal whether Deputy Young had any further involvement.
It is theoretically possible that counsel may have discovered information from these individuals, but what, if any, relevance this information might have is pure speculation.
Mr. Quezada also claims that D.M. worked as a prostitute at the truck stop where she met the girl with whom she moved in and who took D.M. to the sheriffs office. As stated previously, although defense counsel attempted to solicit this 114testimony from D.M. multiple times, the trial court sustained objections of relevance and did not allow the testimony.
Finally, Mr. Quezada claims that counsel failed to investigate D.M.’s school record. At trial, Mr. Quezada testified that D.M. had “problems in school,” that she was violent with school peers and would hit them. D.M.’s school records may or may not corroborate these claims. However, past violent behavior at school is irrelevant to this case and bears no weight on D.M.’s credibility.
Accordingly, we find Mr. Quezada’s pro se assignment of error for ineffective assistance of counsel has no merit.

Pro Se Assignment of Error Number Two

Next, Mr. Quezada alleges prosecutorial misconduct. This court in State v. LeBlanc, 10-1484, p. 19 (La.App. 4 Cir. 9/30/11), 76 So.3d 572, 585, discussed the law governing that claim:
The defendant is arguing an issue under Napue v. Illinois, 360 U.S. 264, 269, 79 S.Ct. 1173, 1177, 3 L.Ed.2d 1217 (1959), which held that where a prosecutor allows a State witness to give false testimony without correction, a review *917 ing court must reverse the conviction if the witness’s testimony reasonably could have affected the jury’s verdict, even if the testimony goes only to the credibility of the witness. However, the grant of a new trial based upon a Napue violation is proper only if: (1) the statements at issue are shown to be actually false; (2) the State knew they were false; and (3) the statements were material. State v. Phillips, 2010-0582, p. 5 (La.App. 4 Cir. 2/17/11), 61 So.3d 130, 136, citing United States v. O’Keefe, 128 F.3d 885, 893 (5 Cir.1997).
Mr. Quezada makes a generalized claim of prosecutorial misconduct, claiming that the prosecution fabricated the allegations and testimony. Presumably, Mr. Quezada is claiming that the state’s witnesses, Officer Coulon and D.M., presented false testimony, which led to his conviction. However, without specific allegations 115of false statements, this court cannot evaluate Mr. Que-zada’s claim of prosecutorial misconduct. We find no evidence that the prosecution knowingly allowed Officer Coulon and/or D.M. to lie on the witness stand about material facts. Without such a showing, we find no merit to this assignment of error.

Conclusion

We affirm the conviction and sentence of Gregorio Quezada.
AFFIRMED.

. Mr. Quezada is a non-English speaker. An interpreter was present at the proceedings in this case.

. The victim stated that she was raped by her father.

. Officer Coulon testified that D.M. stated that she had sex with Mr. Quezada once in his truck and once in the trailer where they lived. D.M., on the other hand, testified that she had sex with Mr. Quezada twice in his truck.

.In accordance with State v. Hearold, 603 So.2d 731 (La.1992), we are required to ad *911 dress the assignment of error regarding sufficiency of the evidence first.

. Mr. Quezada appears to have known and, thus, had access to the victim since she was about six years old.

. The court in Robinson, 98-1606, p. 9, 744 So.2d at 128, states:
[N]o presentence investigation report is contained in the record. The defendant was nineteen years old at the time the crime was committed and was sentenced two days before his twentieth birthday. The defendant asserts in his brief that he was a first offender. Because the defendant testified in his own behalf, and the State offered no evidence that he had been previously convicted of a felony, it is a reasonable assumption that he has not previously been convicted of a felony. The record contains no evidence about any other arrest or conviction record, which it might be assumed would have been furnished to the court by the State for sentencing purposes if such record existed. Other than the previously discussed facts, and the fact that the defendant rides a bicycle, has a mother and a sister, and probably has gold teeth, nothing else is known about him.
Because the trial court failed to articulate any reasons at all for sentencing the defendant to one-third of the maximum possible sentence, and the record does not furnish a sufficient factual basis for the sentence, we find that counsel's performance was deficient in failing to set forth excessiveness of sentence as a ground in the motion to reconsider sentence, and that such deficiency prejudiced the defendant.